## LYON *v.* BYINGTGN.

Where there is no replication denying the affirmative allegations of the answer of a defendant, the new matter set up in the answer should be taken as true.

Where a party relies upon a rule of the district court, as authorizing a judgment in his favor, the rule should be made a part of the record, in such manner as to bring it before the appellate court.

Where in an action on a promissory note, the defendant answered, denying that the sum claimed was due, and. pleading usury, to which answer.no replication was filed ; and where, under a rule of the district court, which prescribed that, in actions on written contracts for the payment of money, where answers setting up a defence were interposed, the plaintiff might file in open court, an affidavit, averring that the answer was not made in good faith, but was intended for the purpose of delay merely, and that, unless the defendant filed a counter affidavit by the next day, the cause might be called up out of its order, and judgment rendered as though no answer had been filed, the plaintiff filed his affidavit, and the defendant failed to file a counter affidavit, and thereupon judgment was rendered for the plaintiff for the sum found to be due upon the note; *Held*, That if the rule had properly been made a part of the record, there was nothing in the rule, which authorized the court to render judgment as for want of a plea.

*Appeal from the Johnson District Court.*

SATURDAY, DECEMBER 18.

ACTION UPON A PROMISSORY NOTE. The defendant answered, denying that the sum claimed was due, and also pleading usury. No replication was filed. Under a rule of the district court, which was not properly made a part of the record, which provided that in actions on written contracts, for the payment of money, where answers setting up a defense were interposed, the plaintiff might file in open court, his affidavit, stating that the answer was not made in good faith, but for the purpose of delay, merely, and that unless the defendant filed a counter-affidavit by the next day, the cause might be called up out of its order, and judgment rendered for the plaintiff, as though no answer had been filed, the defendant filed his affidavit, alleging that the defense set up by the defendant was not made in good faith,

but was intended for delay, merely. The defendant having failed to file a counter-affidavit, the cause was called up under the rule, and judgment rendered for the plaintiff, for the sum due on the note.    The defendant appeals.

*Legrand Byington, pro se.*

*Wm. E. Miller*, for the appellee.

STOCKTON, J.—The district court erred in rendering judgment for the plaintiff.    There was no replication to the affirmative allegations of the defendant's answer, and they should have been taken to be true.    Taking them as true, there was sufficient averred to defeat the plaintiff's right of action, and the judgment should have been for the defendant.

The plaintiff relies upon a rule of the district court of Johnson county, as furnishing authority for the judgment. This rule, to be considered by us, should have been made part of the record, in such a manner as to bring the same to our notice.    But had this even been done, we think there was nothing in the rule, to authorize the court to render judgment as for want of a plea.

Judgment reversed.