GREENOUGH, COOK & CO. v. SHELDEN *et al.*

1. JUDGMENT BY DEFAULT.   In an action against two defendants on a contract, in which one leaves the action undefended by making default, and the other defends by filing an answer, it is not the practice to enter judgment on the default before the issue raised by the answer is disposed of   A motion made by a defendant in default for a judgment against himself, was properly overruled.

2. NOTICE TO PRODUCE A WRITTEN INSTRUMENT.   When an instrument in writing is in the hands of the adverse party, notice to produce it, given at the trial of the cause in which it is to be offered in evidence, is insufficent.   He is entitled to a reasonable time in which to produce it.

Greenough, Cook & Co. v. Shelden, et. al. ·

3. When secondary evidence may be introduced.  Failure to produce a paper after notice and a reasonable time, and proof of its existence, establishes the foundation for secondary proof of its contents.

4. Same.  Where a witness who had been served by subpœna *duces tecum*, appeared and testified that he had the paper described in the subpœna in his pocket, and the party calling him, without making further effort to produce the paper, offered secondary evidence of its contents.  *Held* that the court very properly refused to admit the evidence.

5. No prejudice.  The appellant cannot take advantage of the error in the ruling of the court below, unless it appears that he was in some manner prejudiced by such ruling.

6. When one party may be a witness for another.  In an action against two defendants on a joint and several demand, one of the defendants made default and offered to let judgment be rendered against him for the full amount, plaintiffs were entitled to recover; *Held*, that he had no further interest in the suit as to the other defendant, and was a competent witness.(1)

7. *Danforth, Davis & Co.* v. *Carter & May*, 4 Iowa 230 cited and approved.

8. Section 1865 of the Code construed.

## Appeal from Lee District Court.

### Monday, October, 18.

This was an action on a promissory note executed by A. C. Shelden and Theodore Shelden, to Greenough, Cook & Co., the plaintiffs.  The defendant A. C. Shelden, made default, and Theodore Shelden answered, alleging that when the note was executed, it was agreed that it should be delivered up and canceled upon the execution of another note by the said A. C. Shelden, and other parties; that a memorandum in writing of said agreement was made and appended to said note; that before the maturity of the note sued on, the note described in said memorandum was executed by the parties named therein, and tendered to plaintiffs' attorney, but that he refused to accept it and cancel the note of defendants.  Judgment for plaintiff, and defendants appeal.  The other material facts are presented in the opinion of the court.

1. See the general note at the end of this volume.

*Wm. Edwards* for the appellant.

In an action on a promissory note against a principal and surety, the principal, after being defaulted, is a competent witness to disprove the surety's liability. *Worral* v. *Jones,* 7 Jones 177; *Chaffee* v. *Jones,* 17 Pick. 260; *Bradlee* v. *Neal,* 16 Ib. 501; *Commonwealth* v. *Marsh,* 10 Ib. 57; *Bent* v. *Barker,* 2 Smith's Lead. C. 6, 75; 1 Phillips on Ev. 45, 50; *Blake* v. *Ladd,* 10 N. H. 190; Code of 1851, sections 1768, 1815, 1816; *Willings* v. *Consequa,* 1 Pet. C. C., 307; *Campbell* v. *Hood,* 6 Miss. 211; *Beebe* v. *The Bank of New York,* 1 John. 557; *Neilson* v. *McDonald,* 6 John. Ch. 204; *McDonald* v. *Neilson,* 2 Cow. 139; *Brooks* v. *McKinney,* 4 Scam. 309; 1 Greenl. Ev. section 505, and the cases there cited.

The plaintiffs' attorney should have been required to produce the memorandum; he could not withhold it as privileged. 1 Starkie's Ev. 87, and note *z*; *Doe* v. *Thornton,* 9 Barn. & Cress. 288; Code of 1851, Ch. 130; 1 Greenl. Ev. section 241, and the authorities there cited.

*Rankin, Miller & Enster* for the appellee, cited *Russell* v. *Hogart,* 1 Scam. 552; 4 Ib. 338; 1 Breese 139; 1 Greenl. Ev. 560, and note; 1 Bailey C. S. C. 309; 2 Camp. E. R. 334; 3 Starkie 1061.

STOCKTON, J.—There was no error in the refusal of the court to render final judgment in favor of plaintiff against the defendant, A. C. Shelden, on motion of the latter. As he did not desire to make any defence to the action, the court properly gave him leave to withdraw his answer. This left the action undefended as to A. C. Shelden; and the judgment of the court in such case is, that the plaintiff as to the said defendant, is entitled to recover his damages. This is an interlocutory and not ·a final judgment, and the practice is, where there are two defendants to an action on contract, one of whom makes defence, whilst the other suffers judgment to be given against him by default, or *nil dicit,* not

to enter the final judgment against the party in default, until the issues joined by the other defendant are disposed of. This practice obviates the necessity of entering final judgment twice in the same action. We think the District Court in this instance properly exercised the discretion vested in it, in refusing to enter final judgment against A. C. Shelden, until the issues made by the other defendant were disposed of. It was sufficient that a default was entered against him.

The second assignment of error is to the refusal of the court to require the plaintiffs to produce in court a written memorandum alleged in defendant's answer to have been made by plaintiffs' attorney, at the time the note sued on was executed, at the bottom of the same; which said memorandum it is alleged expressed certain conditions upon the performance of which the note was to be canceled, and delivered up to defendants. The plaintiffs objected to being required by the court to produce said memorandum, on the ground that they had not been notified at any previous time to produce the same, and that this motion was only made at the trial, without giving them any reasonable time to produce it. The court sustained the objection of the plaintiffs, and we think with good reason. The plaintiffs should have been first notified to produce the paper, and a reasonable time allowed them in which to produce it. Where such notice is given, and the party fails to produce it, the existence of the writing being proved, a foundation is laid for the introduction of secondary evidence of its contents—the party having done all in his power to produce the original. Greenl. Ev. section 560, and note. The defendant next offered to prove the contents of said memorandum; and objection being made by the plaintiffs, the objection was sustained. The witness had been served with a subpœna *duces tecum*, and admitted that he had the written memorandum in his pocket at the time. It does not appear, however, that he was asked to produce the paper, and the offer was to prove the contents without first requiring its production. When no proper

effort is shown to have been made to obtain the original, secondary evidence of its contents cannot be given.

The witness was then called upon by the defendants to produce the original memorandum. He stated that the memorandum referred to came into his possession through his clients, the plaintiffs, and was placed in his possession as their attorney; that it was a memorandum made solely for the benefit of his clients, and not for the defendant; that he did not know whether it was put on to the note before or after it was signed. The bill of exceptions states that the memorandum referred to was proved to have been originally attached to the note sued on, and had been torn off by the witness, and was in his possession at the time. He objected to producing it on the ground that it was the paper of his clients, and that he, as their attorney, should not be required to produce the same. This objection was sustained by the court, and the memorandum was not produced. To entitle the defendant to assign for error this ruling of the Court, it should in some manner appear that the contents of the memorandum were pertinent to the issue between the parties, and material to the defence. It is in no manner suggested in the bill of exceptions, that the memorandum contained anything tending to establish the issue on the part of the defendant. Whatever may have been the error, therefore, in the ruling of the court, as it is not shown to have been an error to the prejudice of the defendant, the judgment cannot, on that account, be reversed.

The defendant, Theodore Shelden, then offered his co-defendant, A. C. Shelden, as a witness in his behalf; to which the plaintiffs objected, and the objection was sustained by the court. The record states neither what was proposed to be proved by the witness, nor the ground of plaintiffs' objection. We may safely conclude, however, that the witness was called to disprove the liability of Theodore Shelden; and that the objection was to his competency, he being a party to the record. Was the witness competent? The question is not unlike that decided by this court in the

case of *Danforth, Davis & Co.* v. *Carter & May*, 4 Iowa 230. It was held in that case, that in an action against the surviving members of a partnership firm, to recover a debt due from such partnership, a defendant, conceded to be one of the firm, who offers to submit to judgment against himself for the debt and costs, becomes a competent witness to prove that his co-defendant was not a member of the firm. The decision in that case is not unsupported by authority. In Massachusetts it has been held that since the enactment of the statute in that State, which enables the plaintiff in an action on contract against several, to take judgment against one or more of the defendants, a defendant who has been defaulted, is, with his consent, a competent witness in favor of his co-defendants. *Bradley* v. *Neal*, 16 Pick. 501; *Chaffee* v. *Jones*, 19 Ib. 260. To the same purport is the ruling of the Supreme Court of New Hampshire, in the case of *Blake* v. *Ladd*, 10 N. H. 190.

It is provided by the Code that judgment may be rendered for or against one or more of several plaintiffs or defendants, or the court may, when practicable, determine the ultimate rights of the parties on each side, as between themselves, and give judgment accordingly. Section 1815. By virtue of this provision, the rule of the common law is changed, wherein it was held, in a suit against two or more joint or joint and several contractors, that if the plaintiff did not show himself entitled to recover against all, he could not recover against either of the defendants. As the defendant, A. C. Shelden, had withdrawn his defence and submitted to the plaintiffs' action; and as judgment had been rendered against him, that the plaintiff was entitled to recover of him his damages, he had no further interest in the result of the suit as to Theodore Shelden, and was a competent witness. He was liable at all events to the plaintiff; and his liability was neither to be increased nor diminished by the testimony of his co-defendant.

Judgment reversed.