## Horseman v. Todhunter et al.

1. SECONDARY EVIDENCE. Parol evidence of the contents of a written instrument is not admissable before the absence of the instrument is sufficiently accounted for.
2. SAME. The fact that a party offering parol evidence of the contents of a mortgage of which he was not the proper custodian, did not at the time of making such offer know where the mortgage was, is not, in the absence of notice to the proper party to produce the same, sufficient foundation for the admission of such evidence.
3. RECORD AS SECONDARY EVIDENCE. Where an original mortgage can not be produced, its contents should be proved by the record copy or an authenticated copy thereof.
4. RULES OF THE DISTRICT COURT. The Supreme Court does not take judicial notice of the rules of the District Court.
5. OBJECTIONS TO DEPOSITIONS. Objections to the evidence contained in depositions, on the ground of relevancy may be made at any time upon the trial before the proper foundation for its admission is laid by the party offering it.
6. OBJECTION TO EVIDENCE. The Supreme Court will not review the ruling of the court below holding evidence admissable, when the record does not disclose the ground of appellants objection to the evidence admitted.
7. FRAUD: RECORDING MORTGAGE. The failure of a mortgagee to have a morgage recorded, is not (in the absence if any stipulation to record) *per se*, a fraud upon the right of a surety of the mortgage debt.

*Appeal from Warren District Court.*

THURSDAY, OCTOBER 17.

PLAINTIFF sues upon two notes made by R. W. Steele, and defendant to one R. A. Steele, or order, dated September 20th, 1856, for one thousand dollars each, due, on September 1st, 1857; the other on a corresponding day in 1858. These notes were assigned by the payee to David B Horseman, and by him to plaintiff. The action was brought against the makers and Steele, the assignor. Defense was made by Todhunter, and all the questions in the case arise thereon. He admits the execution of the notes, and sets up that they were obtained by fraud; that there was a combination on the part of the Steeles to defraud him—setting the same out. He charges also, that plaintiff is not an innocent holder. Replication in denial, trial and judgment for defendant (Todhunter,) and plaintiff appeals.

*Hugh W. Maxwell* for the appellant.

1. The court erred in permitting H. C. Merrick to testify as to the contents of a letter from R. W. Steele to said Todhunter. Oral evidence cannot be substituted; for every writing, shall only be proved by the writing itself, unless it is shown to be lost or cannot be produced. 1 Greenl. Ev. § 88.

2. The court erred in permitting the appellees to prove by parol the contents of the mortgage, without showing that the mortgage could not be produced. 1 Greenl. §§ 86, 88.

3. The mere failure to record the mortgage was not a fraud upon Todhunter. As between the parties it was valid, although not recorded. *Gould* v. *Woodward,* 4 G. Greene., 82; *Blain* v. *Stewart,* 2 Iowa, 378.

4. The court erred in overruling the plaintiff's motion for a new trial.

*C. C. Cole* and *Lewis Todhunter* for the appellee.

1. The objection to the admission of the evidence of M. C. Merrick was not stated, and this court will view only the action of the court below. *Mays* v. *Deaver*, 1 Iowa, 216; *Thompson* v. *Blanchard*, 2 Ib., 44.

2. The objection to the deposition of Steele was not taken at the proper time. Rule 50 of the rules of practice in the Fifth Judicial District is: "No exception to questions and answers in the depositions taken by vitue of notice only, and when the opposing party was present at the taking thereof, will be allowed unless the objection be made in writing at the time."

WRIGHT, J.—Several errors are relied upon by appellant to reverse this case, which, so far as presented by the record, we shall proceed to notice.

The makers of these notes bought of one Wells a large tract of land for the sum of $10,000. Each was to pay about $4,500 in other lands, and for the remaining $1,000 executed their promissory note. R. W. Steele obtained the land which he let Wells have of R. A. Steele. To do this, it was necessary, as Todhunter alleges, that R. W. should obtain security for the purchase money. He also claims that R. W. applied to him to go this security, which he declined; that R. W. insisted and urged that the purchase from Wells was desirable, and that if they did not make the trade at an early day it would be lost to them entirely; that he finally proposed that if he (R. W.) would give to R. A., a mortgage on his undivided half of the Wells tract; he would sign the note to R. A. as surety; that this was acceded to; that he signed the notes, (those now in suit); that R. A. fraudulently and negligently failed to have the mortgage so made, recorded, whereby it was entirely lost, by reason of intervening liens and incumbrances, &c. This claim is positively denied by plaintiff, he alleging that Todhunter was

not the surety of Steele, but that they were partners in the purchase from R. A; that Todhunter agreed to become equally bound and liable for the purchase upon condition that he should be let into the Wells contract, and that he is an innocent holder.

On the trial the deposition of one L. S. Steele, was offered by appellee, who stated that as justice of the peace he took the acknowledgement of a mortgage from R. W. to R. A. Steele. He was asked when he took such acknowledgement, on what land was the mortgage, and what was the object of the same? He answered, September 1, 1856, that it was upon the undivided half of the tract bought of Wells; that the mortgage stated that it was given to secure the payment of two certain promissory notes, &c. Plaintiff objected to the question and answer at the time, and argued that the testimony was irrelevant and secondary, without showing the absence of the best or that it could not be produced. Thereupon the defendant testified that he did not know where said mortgage was. The court then overruled the objection and allowed the question and answer to go to the jury.

The existence of this mortgage, as well as all claim of defendant based thereon, is positively denied by plaintiff. The issue being thus joined, its execution and contents were very material to defendant in establishing his defense. And it is most clear that the plainest rule governing the admission of evidence was violated in permitting this issue to be thus proved. It needs no authority of course, nor argument to show that the contents of a written instrument cannot be proved by parol, until the absence of the writing is sufficiently accounted for. This was attempted in this instance, but the proof amounted to nothing in view of what the law required. Todhunter never had the custody of the mortgage, and for him to testify that "that he did not know where it was," was no more than if any third person, not a

party, had testified the same. Not only so, but for him to state that he did not know, &c., would not be sufficient to admit the secondary evidence, under any circumstances, without some proof that he had made diligent search in endeavoring to obtain this knowledge. But the mortgage was properly in the hands of the mortgagee or his assignee. He should have been notified to produce it. Or if this course was not pursued, the instrument not being within the control of the party wishing to use the same, the record thereof, or a duly authenticated copy, should have been produced, (Code, § 1228.)   In no view, however, was it competent, under the proof made, to admit this parol evidence. *Greenough, Cook & Co.* v. *Sheldon*, 9 Iowa, 503; *Higgins* v. *Reed*, 8 Ib. 298.

Appellee's counsel, familiar as he is with this well settled rule, makes but little, if any, argument in support of the ruling below, but insists that by the rules of that court the objection cannot avail appellant. The point made is, that appellant being present when the deposition was taken, he was required by the rules to make his objection *in writing;* that he did not do this, and that therefore the court below properly disregarded it. To this view it seems to us there are several conclusive answers.

In the first place, these rules are not before us, and we do not therefore know what they are. *Lyon* v. *Byington*, 7 Iowa, 422. But waiving this, it is most manifest that the ruling below was not put upon the ground claimed. It will be observed that when the objection was urged on the trial by appellant, that the evidence was secondary, defendant attempted to avoid the difficulty, by stating that he did not know where the mortgage was, and *thereupon*, the testimony was admitted. Thus plainly disclosing that the court held that the showing made for the absence of the original was sufficient. Then again, we cannot believe that the rule con-

tended for was intended to bear the construction claimed. The objection made in this instance is one that could only be intelligently presented and consistently urged on the trial when the deposition was read, and frequently not until the testimony was closed. The predicate being laid either *before* or *after* the parol proof was offered, it would be competent; if not, of course, it would be incompetent. The objection is therefore one that relates to the legality of the proof at the time it is offered, or it may be after it is received even, and to make it at the time of taking the deposition, would be out of place, and unavailing, for then it cannot be known whether the basis for its admission will or will not be laid by the subsequent proof. (*Williams* v. *Soutter*, 7 Iowa, 435.)

II. It is also objected that the court erred in permitting the witness Merrick to testify as to the contents of a letter, from R. W. Steele to Todhunter, as read by said Todhunter in his presence. The record does not show the ground of objection made by appellant in the court below to this testimony, and we would not, therefore, though we might conclude that upon some ground the testimony was inadmissable, for such error reverse the cause. (*Thompson* v. *Blanchard.*, 2 Iowa, 44; *State* v. *Wilson*, 8 Ib., 407.) As the same question may arise on the second trial, however, the point may be briefly noticed. If the truth is, that this letter was read to Horseman, the holder of the note, and it was intended by this witness, in this way, to show that Horseman knew that Steele regarded the debt as his own, the testimony might not, (waiving for the present any question of relevancy,) be inadmissible. Whether it was thus read is not clear from the record. If however, it was only read to the witness, then we can see no ground upon which it could be admitted. In the first place, a correspondence between the makers of these notes, long after they were executed, should in no manner interfere with the holder's right to recover thereon.

Not only so, but the letter itself was the best evidence of its contents. And then aside from all this, if the matter stated had any relevancy to the matters in issue between the parties, it has escaped our examination.

III. Objections are also made to certain instructions given at the request of defendant. In the presentation of our views thereon we need do no more than quote one of said instructions, as follows: "If the jury believe from the evidence that R. A. Steele induced the defendant to sign said notes as surety, by an agreement to take from R. W. Steele a mortgage to secure their payment, and said R. A. Steele failed to have the mortgage filed for record in a reasonable time, such failure is a fraud upon defendant." In this instruction we think the court erred. It assumes that the mere failure to have the mortgage recorded within a reasonable time, (and that without any special undertaking to that effect,) would be a fraud upon Todhunter. Now the recording of the mortgage was in no sense essential to its validity, as between the parties to it; nor was it necessary, as between them, to make it a lien upon the mortgaged premises. Though never recorded, it would be good in the hands of the mortgagee, and equally available to Todhunter, if being surety of R. W. Steele, he was compelled to pay the notes. It is only as against innocent third persons that the lien might be lost by the failure to file for record. Then again, the instruction, leaves out of view the element of a fraudulent purpose or intention on the part of R. A. Steele in failing to have the mortgage recorded. This alleged failure might be entirely consistent with an honest purpose, and a fraudulent one will not be presumed. Not only so, but without proof of a combination between the Steeles, to defraud Todhunter, by withholding the instrument from record, so as to let in third persons to prior liens, and the actual consummation of that purpose, we cannot perceive the pertinency of any instruction upon the subject. Whether there was

such proof in this cause, as well as whether the verdict was warranted by the evidence, we need not now examine, as the case must be remanded for the errors above pointed out.

Reversed.