THE STATE OF IOWA *v.* WILEY *et al.*

1. SCHOOL FUND MORTGAGE. The failure of a School Fund Commissioner, in making a loan of school moneys, to have the property mortgaged to secure the repayment of the same appraised in the manner prescribed by law, did not, in the absence of fraud, discharge the sureties on the note executed by the borrower from their liability thereon.

*Appeal from Allamakee District Court.*

THURSDAY, OCTOBER 8.

THIS action is brought to recover the interest due upon a note given for money borrowed of the School Fund. The defendants who answer and appeal were sureties. In

their answer they set up the following matters of defense: That at the time they signed the note, the borrower and Fund Commissioner assured them that the law in relation to the property mortgaged by their principal, had in all respects been complied with; that said property had been properly appraised, and the security in real estate had been given, by reason of which representations they were induced to sign the note. And they further aver that said real estate was not appraised; that it was not worth one hundred dollars; whereby they were defrauded, &c. The amount of the loan was four hundred dollars. A demurrer to this answer was sustained.

*Noble & Beckwith* for the appellants.

*C. C. Nourse*, Attorney-General, for the State.

WRIGHT, J.— Upon several grounds, we think this demurrer was properly sustained.

It was as much the duty of appellants, for their own protection, as of the Fund Commissioner, to see that the loan was secured by mortgage on unencumbered real property. A failure on the part of the officer, in taking such security, to comply with the requirements of the statute, would not, in the absence of fraud, release them from their liability. Nor would a failure to have the property appraised, affect the validity of the mortgage. There is no pretense that defendants did not know the value of the property mortgaged, but the ground assumed is, that it was not appraised. Admit that it was not; such failure would not amount to a fraud upon defendants. Their right to the benefit of the security taken would be the same as if there had been an appraisement. The defense is not that the officer failed to take any security, but that it was insufficient.

But defendants do not show any injury resulting from the alleged misrepresentation. This action is to recover $50,

interest due on the note. Now, though the property mort·gaged may not be sufficient to secure the principal and interest, there is no averment that it is not adequate to meet the sum now sought to be recovered. Then again, the solvency of the principal is not negatived in this answer. For anything that appears, he is entirely able to pay the full amount of the loan. A wrong without an injury cannot give a right of action. Nor can a misrepresentation, which occasions no prejudice, avail a party who sets it up as a defense.

Affirmed.