## BREMER COUNTY v. BARRICK *et al.*

1. **School Fund:** NOTE. M. was indebted to the school fund, as a defaulter, in the sum of $500; B. was indebted to M.; it was arranged that B. should execute his note, secured by mortgage on his own property, with M. as security, to the school fund, which should be applied on his indebtedness to M., and for which the latter should receive a credit on his debt to the school fund; the note was delivered to the School Fund Commissioner, but the mortgage was not executed: *Held*,

  1. That the note was not invalid for want of power in the School Fund Commissioner to receive the same.

  2. That the failure to execute the mortgage did not constitute a defense to the note.

  3. That the indebtedness of M. to the school fund would be a sufficient consideration, if the transaction was not a loan, to sustain the note executed by B. in part payment thereof.

*Appeal from Bremer District Court.*

MONDAY, APRIL 17.

THE facts of this case, and conclusions of law based thereon, as found by the court below, are as follows:

" The defendant Martin, prior to the execution of the note in controversy, was indebted to the school fund (of Bremer county) as a defaulter in the sum of more than $500. (The note sued on is for $500.) That it was the purpose of the defendants to pay $500 of this indebtedness with the note in question, secured by mortgage on the lands of .Barrick. That the note was left with the school fund commissioner, but the mortgage was not given to secure it. The school fund commissioner credited Martin with $500 in consideration of the note thus given, and as between the school fund and the defendants the consideration was the credit thus given.

The opinion of the court is, that the school fund commissioner was not authorized to receive the note in payment of the $500 ; and that the credit given to Martin did not relieve him from the obligation to pay the $500 to the school fund. And, further, as a consequence of the facts above stated, and the above conclusion, the defendants received no consideration for the note, and that plaintiff is not entitled to recover."

In addition to this finding, it is proper to state that Barrick was owing Martin, and at Martin's request made the arrangement to borrow this $500, and thus become the debtor of the school fund instead of Martin, and thereby extinguish so much of Martin's defalcation to said fund. A motion for a new trial was overruled, and plaintiff appeals.

*John E. Burke* for the appellant.

*B. W. Poor* for the appellee.

WRIGHT, Ch. J. — It will be observed that the ruling below is placed upon the ground that the commissioner 1. SCHOOL was not authorized to receive this note in payment FUND: note. of $500, owing by Martin; that Martin was still liable to said fund, and, as a consequence, there was a want of consideration. There is no suggestion that the note was not passed as an executed contract to said commissioner, or that it was not to be so treated and regarded until the mortgage was also made and delivered. And we suppose (being left to infer the grounds of the ruling, in the absence of any argument on the part of the appellees) that the want of power to take this note was held to result from the failure to demand or receive a mortgage to secure the same.

The correctness of this conclusion we are not prepared to admit, and especially in view of the circumstances of this case. Martin was a defaulter to this fund. Barrick was his debtor. The case stands as though Barrick had paid Martin, Martin had paid the school fund, and Barrick had then borrowed the same. The money did not pass, but each party obtained the benefit of the transaction as made precisely as though it had, if plaintiff is allowed to recover in this action.

The note was executed and delivered, and we cannot understand why the defendants can resist its payment because they did not secure it by mortgage. And this is as true, treating Martin as the *surety* of Barrick, as though he was the principal debtor. It was as much his duty, so far as it relates to the question of power, to see that this security was given, as the school fund commissioner — a proposition, we may remark, equally applicable to the other maker, who clearly occupies the relation of surety. (*State* v. *Wiley*, 15 Iowa, 155.) And upon an analogous principle, see *Horsman* v. *Todhunter*, 12 Iowa, 230. There is no claim of fraud, or a loss resulting from the state-

ments or representations of the county agent. He did not undertake to obtain the mortgage and attend to filing the same for record. It is his duty, we admit, in loaning the school fund, to have it secured by mortgage on real estate appraised at double the value of the money loaned. If he failed to take such security, it was competent for the proper authorities to repudiate the act, and hold him and his sureties liable for the same. But it was equally competent to adopt and ratify the same, and after such adoption and ratification the borrower and his surety could not object that he had not given all the security required by the law.

We have, thus far, treated the transaction strictly as a loan. When it is remembered, however, that Martin was already a debtor to this fund, and that this note was taken to arrange and pay, *pro tanto*, this indebtedness, the case is relieved of all possible difficulty. In this liability we have a valid and sufficient consideration. As to the fund and this liability, the other maker may be treated as his surety. And we find nothing in the statute, nor are we aware of any principle, which prohibits the county authorities from saving and securing to this fund, in the best manner possible, any defalcation on the part of those intrusted with its disbursements.

Reversed.