# Downing *against* Shoenberger.

The provision in the fourth section of the act of 1815, "directing the mode of selling unseated land for taxes," in favour of orphans, allowing them two years to redeem unseated lands sold, after their disability is removed, is not applicable to those who are minors only.

ERROR to the common pleas of *Centre* county.

Richard Downing and others, heirs at law of Richard P. Downing, deceased, against George Shoenberger and John H. Shoenberger. Ejectment for a tract of land.

There was no dispute about the original title, which was in Richard Downing, in whose name it was sold in 1830 for the taxes of 1826 to 1829, by the treasurer, to Isaac Miller, who conveyed to Dr Peter Shoenberger, under whom the defendants, his sons, claim: and this sale was regularly made.

Richard Downing, by his will, dated the 25th of April 1819, devised the land to his grand-children, of whom Richard P. Downing, under whom the plaintiffs, who are his father, mother, brothers, and sisters claimed, was one.

The plaintiffs, on the trial, confined their claim to the interest of Richard P. Downing, under his grandfather's will, which was the undivided fourth part; and to maintain their right to recover this, they proved that Richard P. Downing was born on the 27th of November 1813, and that in his lifetime, on the 13th of June 1836, by his attorney in fact, John Lyon, he tendered a sufficient sum of money to the treasurer, and demanded a redemption of the land, which the treasurer refused.

[Downing v. Shoenberger.]

The court below (Burnside, president) instructed the jury that the provision of the act of 13th March 1815, in favour of orphans, was not available to Richard P. Downing, who, although a minor, was not an orphan, and directed a verdict for the defendant.

*M'Allister* and *Blanchard*, for plaintiffs in error, cited 5 *Watts* 389; 2 *Watts* 436; 6 *Bac. Ab.* 387; 14 *Mass. Rep.* 92; 8 *Watts* 164; Act of 21st March 1713; 1 *Smith's Laws* 81. 83.

*Valentine*, for defendant in error, cited 8 *Watts* 162.

The opinion of the court was delivered by

HOUSTON, J.—This case arose on the meaning and true construction of the fourth section of the act of 13th March 1815; but I will go back to the act of the 3d April 1804, entitled, an act directing the mode of selling unseated lands for taxes, in the third section of which we find, "that where the owner of such lands sold as aforesaid, shall, at the time of such sale, be a minor, or insane, and residing within the United States, five years after such disability is removed shall be allowed such person or persons, or their heirs or legal representatives, to bring their suit or action for the recovery of the lands," &c.

By a supplement of 28th March 1806, among other things it is provided, that nothing in this act "shall be to the detriment of persons under legal disabilities."

The act of 13th March 1815 is entitled, "An act to amend the act directing the mode of selling unseated lands for taxes." In section four we find, "provided that, where the owner or owners of land so sold as aforesaid, shall, at the time of such sale, be an *orphan* or *orphans*, or insane, and residing within the United States, two years after such disability is removed shall be allowed such person or persons, their heirs or legal representatives, to bring their suit or action for the recovery of lands so sold," &c.

In this case the claim is limited to one-fourth of the tract in question, and it was proved and admitted that Richard P. Downing was a minor when the tract was sold for taxes; he died under age, and the plaintiffs, his father and mother are his heirs, and the others his brothers and sisters. An orphan is one bereft of parents; a minor is one under twenty-one years of age. In law, and in common parlance, the words minor and orphan do not mean the same. The legislature except the lands of minors in the act of 1804: instead of minor they use the term "orphan" in the last act, which is an act to amend the former; and in the eleventh section of the last act we find, "such parts of the act to which this is a supplement, and so much of any other act of assembly as is altered or supplied by this act, is hereby repealed."

It is impossible to deny that the word orphan is not an alteration of the word minor. We have nothing to do with whether the

alteration is wiser or more just than what was altered.   We must, and all courts must, take it, that when an act is passed expressly to amend or change a previous law, the legislature intended to change where they used different terms, and particularly where the words embrace a different class of persons.

If we can go beyond the terms of the act of 1815, why pass over the act of 1806? why not take in all legal disabilities? Or, as the first law allowed five years, and the latter only two, after the disability was removed, what power have we to extend the number of persons to whom it applies, more than we have to extend the time so as to make it all correspond with the act of 1804.

Judgment affirmed.