## CURL *et al.* v. WATSON *et al.*

1. **Pleading:** ADMISSION: EVIDENCE: INTRODUCTION OF EXHIBITS. Where a fact is averred in the petition, which is also affirmatively averred in the answer, such fact will be treated as established without proof thereof on the part of plaintiff, although the answer containing such averment also contained a general denial of the allegations of the petition, and the plaintiff filed a reply in general denial of the allegations of the answer.

2. —— Where there is an agreement to waive the introduction of original deeds, and consent by defendant to the admission of copies thereof "attached to the original petition filed in the cause," the fact that such copies are attached to the *amended* instead of the *original* petition, and thus introduced, will not defeat their effect as evidence under such agreement.

3. **Tax sale:** REDEMPTION : TENDER. In an action by minors, under section 779 of the Revision, to redeem lands from tax sale, they must, in order to avoid the costs of the action, show that they tendered the amount due defendant for the taxes paid by him, and that the tender has been kept good.

4. —— AMOUNT NECESSARY TO REDEEM. And where, in such proceeding, it was found that one of the sales was invalid by reason of several tracts being sold together, while the other sales were valid, the plaintiffs were held to the payment of the amount of legal taxes paid by defendant, with interest thereon at six per cent, under the invalid sale; and the statute penalty and interest thereon in the valid sales, together with the subsequent taxes paid by defendant.

5. —— REDEMPTION BY PART OWNER. A person owning any interest in real estate subject to redemption from tax sale, may redeem the whole property ; and the purchaser may require him to redeem the whole, if any.

Curl v. Watson.

*Appeal from Benton District Court.*

MONDAY, JUNE 8.

SUIT in equity to redeem lands sold for taxes. The plaintiffs are minors, and as such, claim the right to redeem after the expiration of three years from the sale, and after the treasurer's deeds were made. The cause was sent to a referee, who reported the facts found by him and his conclusions of law thereon. This report was made the basis of the decree by the District Court, that the sales and tax deeds be set aside so far as plaintiffs and the defendants Douglas & Watson were concerned, upon plaintiffs paying $81.60 to them within ninety days from judgment; that the action be dismissed as to the defendants Samuel H. Watson and P. M. Clayton, and that plaintiffs pay the costs. The plaintiffs appeal. The further necessary facts are stated in the opinion.

*S. P. Vanatta* for the appellants.

*C. H. Conklin* for the appellees.

COLE, J.— I. The plaintiffs, who are minors, derive their title to the real estate in controversy by descent, the death of their ancestor having occurred before any of the sales for taxes, under which the defendants claim. The petition as amended alleges that the defendants Douglas & Watson claim to have purchased the land at three different sales, and have obtained three several deeds therefor; that the defendant Samuel H. Watson was a member of the firm of Douglas & Watson, and had conveyed a part of the land to the defendant Patrick M. Clayton. Copies of the several deeds were annexed to the original petition, and were afterward detached and annexed to the amended petition.

1. PLEADING: admissions: evidence: introduction of exhibits.

Curl v. Watson.

The defendants, in their answer, deny each and every allegation of the petition as amended, and then aver affirmatively the several facts necessary to a valid sale for taxes, and also that Samuel H. Watson was a member of the firm of Douglas & Watson; that they had conveyed to him all the land in controversy, and he had conveyed a part thereof to the defendant Clayton. To this answer the plaintiff filed a reply in general denial.

Upon the hearing before the referee, as stated in the report, "the defendants waive the introduction of the original exhibits of deeds attached to the original petition in this cause filed. Plaintiffs offer said exhibits in evidence." The referee made the report for the dismissal of the cause as to Samuel H. Watson and Patrick M. Clayton, upon the assumption that there was no showing that Samuel H. Watson was a member of the firm of Douglas & Watson, or that there was any evidence of the conveyance of the tax-title to the property in controversy to them. The first of these assumptions is grounded upon the idea that the plaintiffs' allegation that Samuel H. Watson was a member of the firm of Douglas & Watson being controverted by the general denial of defendants' answer, and the like allegation in defendants' answer being controverted by the plaintiffs' general reply in denial, the fact could not be found without proof. And the second is grounded upon the idea that the exhibits showing the tax-title to be in Samuel H. Watson and Patrick M. Clayton were annexed to the *amended* petition and not " to the *original* petition in this cause filed," as stated by the referee in his report.

Both of these assumptions rest upon a too narrow and technical construction of the pleadings and evidence as offered, to be sustained under our practice. It was error to dismiss the cause as to said defendants Watson and Clayton.

II. The petition and amended petition both asked that the tax deeds be set aside, and if it should be found that any taxes had been legally assessed upon the lands, that the plaintiffs be permitted to redeem, etc. But there was no averment of tender or offer to pay, nor any money brought into court therefor. On the trial, however, the plaintiffs proved a tender of one hundred and thirty-five dollars to the defendant Samuel H. Watson, and the deposit of that amount with the clerk, which, however, they subsequently and before the trial withdrew. The District Court, following the opinion of the referee, taxed the costs of this action to the plaintiffs. In this there was no error. To avoid the costs of the action, the plaintiffs should, at least, have tendered the amount due defendants for the taxes, etc., paid by them, and should have kept the tender good. This they did not do, and were, therefore, properly taxed with costs.

*3. TAX SALE: redemption: tender.*

The referee found the first sale invalid by reason of several parcels or tracts being sold together, while the other two sales were valid. He also found that plaintiffs should pay the amount of legal taxes upon their lands, which defendants had paid under the first sale, and six per cent thereon; and should also pay the statute penalty and interest upon the other sales and subsequent taxes paid by defendants. There was no error in this holding — certainly none in view of the plaintiffs' prayer in their petition.

*4. —— amount necessary to redeem.*

III. The plaintiffs are three of the four children left by their father at his decease. They were all, then, in 1857, minors, and the plaintiffs still are. The child which did not join was aged sixteen at her father's death; and she married a month or two thereafter, and is still a *feme covert*. The defendants' counsel, in his argument in this court, asks, in case the judgment of the District Court is not permitted to stand,

*5. —— redemption by part owner.*

that the plaintiffs be allowed to redeem only their three undivided fourth parts, and not the whole of the property in controversy. It seems to be very well settled, that, where a party, by reason of owning any interest in the property sold for taxes, has a right to redeem, he may redeem the whole, and the purchaser may require him to redeem the whole, if any. Blackwell on Tax Titles (1st ed.) 492–505; id. (2d ed.) 283–9; *Byington* v. *Rider*, 9 Iowa, 566; *Burton* v. *Hintrager*, 18 id. 348; *Adams* v. *Beall et ux.*, 19 id. 61; *Myers* v. *Copeland*, 20 id. 22. As to right of minors to redeem after three years, see Rev. 1860, § 779; Laws of 1862, p. 226. The judgment of the District Court will be so modified as to cancel the tax titles of all the defendants, upon plaintiffs paying to the clerk, within ninety days, the amount required to redeem upon the basis fixed by the District Court as above, the plaintiffs to pay the costs in the District Court — defendants to pay the costs of the appeal.

Reversed.