Jacobs v. Porter.

---

Jacobs *et al.* v. Porter *et al.*

Tax sale: REDEMPTION BY MINOR: TENANTS IN COMMON. The right of a minor to redeem, after attaining his majority, land sold at tax sale during his minority, is limited to his own interest therein, and does not extend to that of other owners or tenants in common holding interests with him.

Jacobs v. Porter.

*Appeal from Hardin District Court.*

THURSDAY, JULY 25.

ACTION in equity to redeem two hundred and eighty acres of land from tax sales. The plaintiffs are the children and heirs-at-law of John Jacobs, deceased, who died in Ohio, November 1, 1860, seized in fee of the land in controversy, leaving seven children, three of whom were then minors. The tax sale was made October 5, 1863, for the delinquent taxes of 1861 and 1862. The plaintiff Samuel, who was the youngest, attained his majority May 10, 1870, and on the next day tendered the amount necessary to redeem all the land, and on the following day brought this action, keeping his tender good by paying the money into court. Upon the hearing, the district court adjudged that Samuel B. Jacobs, and one other of the plaintiffs, had each the right to redeem one undivided seventh part of the land. Other questions respecting improvements, etc., were made in the court below; but the only error assigned, and the only question made here, is, that the plaintiffs were not allowed to redeem the whole, instead of only their two respective one-seventh interests. The plaintiffs appeal.

*Boardman, Brown & Williams* for the appellants.

*Porter & Moir* for the appellees.

COLE, J. — This record presents, and the counsel have argued, only a single question, and that is : Whether one of several owners — tenants in common — of real property, may, by reason of his previous minority, redeem the whole, of such real property, after the expiration of the time for redemption allowed to his adult co-owners ; or whether the right of such minor to redeem is limited to his own inter-

est. The district court held that the right was limited to the interest of the minor. All of the plaintiffs appeal.

Upon first view, and in the light of general principles, it might be asked why should the minors appeal? They have obtained the full extent of their right; they only pay the amount necessary to redeem their respective seventh parts, and they get their title perfected to just as full an extent as they would if allowed to redeem all. For by redemption they cannot increase their interest in the property redeemed. *Penn* v. *Clemens*, 19 Iowa, 372, and cases cited. Why should the adults appeal? They have no right to redeem after the expiration of three years; they have not offered to redeem, nor do they claim that they have any right to redeem. Their claim is only that the minors be allowed to redeem the whole. But it is settled that, if " the person who pays his money for redemption had no interest whatever to be protected by the redemption, his act of redemption can neither vest title in him nor divest that of the tax purchaser. Blackwell on Tax Titles, 496, (1st ed). Nor can such act of redemption inure to the benefit of the owner who had a right to redeem." *Penn* v. *Clemens, supra.* This being the law, it is difficult to see how a redemption by the minors, who have no interest beyond their undivided seventh parts, can in any way benefit the adults.

But the right to redeem from, like the right and power to make sale for taxes, depends on the statute. Revision section 779 provides that "real property, sold under the provisions of this act, may be redeemed at any time before the expiration of three years from the date of sale, by the payment, etc.; * * * *provided*, that if real property of any minor, married woman or lunatic be sold for taxes, the same may be redeemed at any time within one year after such disability be removed, upon the terms specified in this section, which redemption may be made by the guardian or legal representatives." By section 14, chapter 173, of

laws of 1862, this proviso was so amended as to limit the right of redemption to minors and lunatics. And, by chapter 124 of laws of 1866, it was enacted: " Section 1. That any person authorized, under the laws of this State, to redeem lands sold for taxes after the expiration of three years from sale may redeem the same by an equitable action in the district court, in which all persons claiming an interest in the land derived from the tax sale as shown by the record, shall be made defendants. Said action shall be commenced, tried and determined in the same manner as other equitable actions. The court shall determine the rights, claims and interest of the several parties to the land, including liens for taxes and claims for improvements made on the land by the persons claiming under the tax title. Section 2. No person shall be allowed to redeem land sold for taxes after three years from such sale, in any other manner than that provided in section one of this act. All laws inconsistent with this act are hereby repealed."

It is apparent, from a mere reading of these provisions, that the right of adult owners to redeem real property from sale for taxes is limited to three years from the date of sale. But infants and lunatics have not only the three years, but the further time of during their minority or insanity, and one year after they attain majority or become sane. And yet, the right to redeem is not to be exercised then, as by adults within the time given them, but only in the manner provided by the act above quoted: that is, by an equitable action in the district court. And such action can only be brought by persons authorized, under the law, to redeem lands sold for taxes after the expiration of three years from the sale. In such action, too, the court is to determine the *rights, claims and interests of the minors* seeking to redeem, as well as the liens, etc., of the tax purchasers or claimants. The manifest purpose of determining the rights and interest of the minors, must be to protect such rights and interests and enforce their recognition.

But, further than this, by the very terms of the proviso of the statute, it is the "real property of any minor," which has been sold for taxes, that may be redeemed. The term "real property," by our statute (Rev., § 29, subd. 8), means not only land, but "all rights thereto and interests therein, equitable as well as legal." It is the real property of a *minor*, that is, *his* right thereto and interest therein, which may be redeemed after three years, and not the right or interest of an adult owner.

It seems to us, therefore, upon general principles, upon the plain reading of the statute giving to minors the further time to redeem, and by the very language of the act prescribing the manner of redemption, that the right to redeem given to the minor is limited to the real property of the minor, that is, to *his right and interest* in the land sold. And in justice to the minor, and for his complete protection, this should be so. For it is very well settled, and has been so held by this court, that the right to redeem, and the obligation to redeem, are reciprocal and co-extensive. That is to say, the purchaser at the tax sale may compel or require the minor to redeem all he has a right to redeem, or none. *Curl* v. *Watson*, 25 Iowa, 35 (*i. e.*, 38); *Rice* v. *Nelson*, 27 id. 148 (*i. e.*, 152). So that, if a minor owned only a small interest in a valuable property, upon which a large arrears of taxes, penalty and costs had accrued, and sale of it for taxes had been made, the minor must tender redemption for the whole, and it may be thousands of dollars, in order to protect his small interest; and this, too, under the rule before stated, without acquiring any additional right to the property himself, or effectuating any beneficial result for any others. Besides, the proviso was enacted solely for the protection and benefit of minors and lunatics, and not to re-invest adults with title to property, lost to them by reason of their neglect to discharge their public and personal duty.

The extent of the right of the minor to redeem, under

the act of 1866 above quoted, has never been directly passed upon or decided by this court, although the question, aside from that act, has been several times alluded to. In *Curl* v. *Watson*, 25 Iowa, 35, it is said that "it seems to be very well settled that where a party, by reason of owning any interest in the property sold for taxes, has a right to redeem, he may redeem the whole, and the purchaser may require him to redeem the whole, if any." In that case the pleadings had not been prepared, nor the issues made or tried with reference to limiting the right of the plaintiffs to redeem to less than the whole. The defendants had sought to compel the plaintiffs to bring before the court the other part owner, who, it was shown, was under twenty-one, and was also married at the time of the sale, and was still married. The first that was known of a desire to limit the redemption to the interests of the three minors who were plaintiffs, was by the suggestion of counsel in their argument in this court. But it appeared from the record that the other owner was also entitled to redeem, and the request was properly denied. The decision was right beyond question, though it is not improbable that the language used conveys the erroneous idea that a minor owning a part, might redeem the whole. To whatever extent it conveys that idea, it is hereby overruled.

The cases cited in *Curl* v. *Watson* do not support the theory that a minor owning a part, may redeem all. *Burton* v. *Hintrager*, 18 Iowa, 348, holds that a minor inheriting the interest of the mortagee in real property, had such an interest as entitled her to redeem. *Adams* v. *Beall et ux.*, 19 Iowa, 61, holds that the wife has, under our statute, such an interest in the homestead as would entitle her to redeem, and that she might redeem all. Such redemption was necessary to protect her interest, which was in the nature of a joint tenancy. If a minor should be an owner as joint tenant with others by virtue of a devise or conveyance expressly making him such, having the right of survivorship,

then he would doubtless have the right to redeem the whole; for such redemption would be necessary in order to protect his entire interest, which, by the death of his joint tenants, might extend to the whole. *Myers* v. *Copeland*, 20 Iowa, 22, simply holds that the amendment to the proviso, omitting married women, did not affect her right to redeem from a sale for taxes made before the amendment was enacted.

The cases referred to by Blackwell on the pages cited, are *Dubois* v. *Hepburn*, 10 Peters, 1; this case on this point simply decides that any right which in law or equity amounts to an ownership in the land, will entitle such owner to redeem. This point was ruled in quite as strong terms by this court in *Burton* v. *Hintrager*, *Adams* v. *Beall*, *Rice* v. *Nelson*, *supra ;* but it has no bearing upon the question decided in this case. To the same effect are *Shearer* v. *Woodburn*, 10 Penn. St. 51; *Masterson* v. *Beasley*, 3 Ohio, 301, and *Winchester* v. *Cain*, 1 Rob. (La.) 421. In *McCormack* v. *Russell*, 25 Penn. St. 185, it was held that the death of the owner, subsequent to the sale of land for taxes, did not enlarge the time for the infant heirs to redeem, beyond that allowed the owner, if he had lived. It was held, in *Downing* v. *Shoenberger*, 9 Watts, 298, that the statute giving *orphans* further time to redeem did not apply to *infants*, and in *The People ex rel.*, etc., v. *The Treasurer*, etc., 8 Mich., 14, it was *held*, that the owner of an undivided interest could redeem his share by paying *pro rata*, and need not redeem all. These are all the cases bearing on the point cited by Blackwell, on the pages referred to, and none of them, nor any cases we have been able to find, tend in the least to impair the correctness of the ruling of the court below, in this case.

We thus find that principle, statute and decisions concur in giving to the infant the right to redeem his own interest, without burdening him with the obligation to redeem for

others, and that other part owners have no right to redeem their interests, simply because their co-owners are infants.

Affirmed.