### MYERS v. COPELAND, Clerk, &c.

1. Tax sale: REDEMPTION BY MARRIED WOMAN. Under § 779, Revision of 1860, a married woman was permitted to redeem her lands sold for taxes at any time within one year after the termination of her coverture.

2. —— REPEALING ACT: The law of 1862, chapter 173, repealing section 779, Revision of 1860, did not affect sales made before it took effect.

*Appeal from Mills District Court.*

WEDNESDAY, JANUARY 24.

REVENUE LAW : RIGHT OF MARRIED WOMEN TO REDEEM FROM TAX SALE. — The legal question presented in this case arises upon a demurrer to the petition.   The petition, which was filed October 2, 1865, alleges that the said Hannah, is *now*, and for the past *ten years* has been, the wife of her co-plaintiff, William Myers, who joins in the action as her husband; that she is the owner in fee in her own right of a certain forty acres of land (S. W. $\frac{1}{4}$ of S. W. $\frac{1}{4}$, section 30, township 72, range 41, west), in Mills county; that the taxes thereon for 1858 and 1859, were delinquent; and the same was sold at the tax sale, December 3d, 1860, to the defendants Tubbs and Wheeler, and that it requires seven and $\frac{73}{100}$ dollars to redeem the same.

It is furthermore alleged, that on the 21st day of October, 1861, her said land was again sold for the delinquent taxes of 1860, to the said Tubbs and Wheeler, and that it will require four and $\frac{10}{100}$ dollars to redeem the same.  It is also averred that she has tendered to the defendant, Copeland, who is clerk of the board of supervisors, the full amount necessary to redeem the land from both of the tax sales, and demanded that he should receive the same and issue to her a certificate of redemption.   His refusal is alleged, and also the further fact that a tax deed has been issued to Tubbs and Wheeler for her said land.

Prayer, that a writ of *mandamus* may issue, commanding Copeland to receive the redemption money and issue a certificate of redemption, as by law he is bound to do, &c.

To the petition the defendant demurred :

1st. Because the said Hannah had no right to redeem the premises described from the tax sales made either in

1860 or 1861, more than *three years* having elapsed prior to the filing of her petition or an offer by her to redeem.

.2d. Because it shows no cause of action against Tubbs and Wheeler, no offer to redeem having been made to them.

3d. Because there is no law in force allowing a married woman any longer time within which to redeem than is allowed to others; neither was there any such law in force, at the expiration of three years, from either of the sales mentioned in the petition.

The demurrer was sustained, and the plaintiffs excepted and appeal.

*D. H. Solomon* for the appellants.

*Dews & Watkins* for the appellees.

DILLON, J.— The plaintiff is a married woman, and her land, owned by her in her own right, was sold in 1860 for the delinquent taxes of 1858 and 1859, and again in 1861, for the delinquent taxes of 1860. At the date of these sales section 779 of the Revision was in force, which provided, "that if the real property of any *married woman* be sold for taxes, the same may be redeemed at any time within one year after such disability be removed, upon the terms specified in this section," &c.

1. TAX SALE: redemption by married woman.

In 1862 (Laws 1862, p. 226), sec. 779 was repealed, without any saving, in the *repealing act*, of the rights of married women. It is now contended by the defendants that, after the act of 1862 went into effect, a married woman is not entitled to redeem her lands sold for taxes prior to that act, unless such redemption be made before the expiration of three years from the date of the tax sale.

2. —— repealing act.

By a section of our statute which seems to have been overlooked by counsel, Rev., § 29, subdiv., 1, the repeal of section 779 " did not affect *any right which accrued* under or by virtue of the statute repealed." *Inskeep* v. *Inskeep*, 5 Iowa, 204, 220.

The right of the wife to redeem, accrued under section 779, and this right is not taken away from her, if indeed it be conceded that it is competent for the legislature to do so.

Upon a careful examination of the act of 1862, it is our opinion that it was not intended to apply to sales of the property of married women *theretofore made*, so as to require them to redeem within three years from the day of sale. This precise question was decided against the position taken by the defendants, in the case of *Adams* v. *Beule et ux.*, 19 Iowa, 61.

Holding, as we do, that the right of the wife to redeem was not barred, but still subsisted, it is perfectly plain that under the statute she might make redemption by the payment of the money to the clerk. She need not, in such case, tender it to the tax purchaser or his assignee.

Reversed and remanded.