| | |
|---|---|
| 27 | 97 |
| h85 | 479 |
| d85 | 480 |

AMANDA GOODRICH, an Insane Person, by her Guardian, *vs.* A. M. FLORER.

### August 24, 1880.

**Action to redeem from Tax Sale.**—The suit authorized by Gen. St. 1878, *c.* 11, § 91, is one not merely to establish the right to redeem from a tax sale, but to effect a redemption. In it the court must declare what land, estate or interest the plaintiff may redeem, and how much he shall pay for that purpose.

**Same—Persons under Disabilities.**—Under that section the right to redeem by persons under the disabilities therein mentioned—minors, insane persons, idiots, etc.—is not suspended during the disability.

**Same—What may be Redeemed.**—A person entitled to redeem, under that section, can redeem only such estate or interest in the land sold as he actually owns.

7

Same—Compensation for Improvements.—An action to redeem from a tax sale, brought under that section, is an action to test the validity of title to land within Gen. St. 1878, c. 75, § 15, and following sections, providing for compensation for improvements to occupying claimants in good faith.

The plaintiff, an insane person, residing in Massachusetts, brought this action, by her duly appointed guardian, in the district court for Rice county, to redeem a tract of land in that county, which the defendant had purchased at tax sales, and of which the plaintiff claimed to own, in fee simple, an undivided one-seventh. The action was tried before *Lord, J.*, who made a finding of facts in substance as follows: The tract of land described in the complaint was duly sold for taxes theretofore levied and assessed thereon for the years 1860, 1862, 1863 and 1874, and the defendant became the purchaser and holds the title thereof, under those sales. In 1862 the land was duly offered for sale for the taxes duly levied and assessed thereon for 1861, and, being unsold for want of bidders, was forfeited to the state; and before any sale or redemption, and in July, 1864, the defendant purchased the same from the state. On February 15, 1865, the defendant received a tax deed of the land, which was duly recorded on April 19, 1865.

In the winter of 1873, the defendant went into possession of the land under his tax deed, peaceably and in good faith, and having no actual notice of any defect invalidating the deed, (which was regular on its face,) or that the land had ever belonged to a person then deceased, or that there were any heirs of such person, or that any lunatic or insane person had or claimed any interest in the land. Previous to his notice of any such matters, and in the winter of 1873, the defendant made lasting and valuable improvements on the land, and, without any such notice, has paid taxes on the land from 1864 to 1877, inclusive, except that in 1875 the land was sold for the taxes of 1874, and was bid in and purchased by defendant.

At the time the land was sold for the taxes of 1861, for which the tax deed was executed under which the defendant

took possession, the original owner of the land, one Jesse W. Goodrich, was dead, having died in 1857, and the plaintiff was one of seven heirs of said Goodrich, who were then by descent, and as such heirs, the owners of the land. The plaintiff was then, and has ever since been, an insane person.

As conclusions of law the court found that the plaintiff was entitled to redeem her undivided one-seventh part of the premises, on payment of one-seventh of the value of the improvements made by defendant thereon, and one-seventh of the amount of the taxes paid by defendant on the property, with interest; and a reference was ordered to ascertain the amount of such taxes and interest, and the value of the improvements, and the value of the use of one-seventh of the premises; and it was further ordered that, upon the filing of the referee's report, a judgment be entered declaring plaintiff's right to redeem one-seventh part of the premises, on payment of one-seventh of the aggregate amount of such taxes, improvements and interest, after deducting the value of the use of one-seventh of the premises. From this order the plaintiff appealed.

*Baxter & Quinn*, for appellant.

*Gordon E. Cole*, for respondent.

GILFILLAN, C. J.    The action is under Gen. St. 1878, c. 11, § 91,—the chapter relating to taxes. Section 90 saves, to any person having an interest in land sold for taxes, a right to redeem for two years after the date of the sale. Section 91 provides that "minors, insane persons, idiots, or persons in captivity, or in any country with which the United States are at war, having an estate in or lien on lands sold for taxes, may redeem the same within two years after such disability shall cease; but in such case the right to redeem must be established in a suit for that purpose brought against the party holding the title under the sale." This suit is to be brought, not to determine merely the right to redeem, but for the purpose of effecting a redemption, and in it the court

must declare what land, estate or interest the plaintiff may redeem, and how much he shall pay for that purpose.

Redemptions within two years after sale are to be made by payment to the county treasurer, upon the auditor's certificate of the amount due; but a claim to redeem, under section 91, may not be made till many years after the sale—till the purchaser has been for years in possession, paying taxes of various kinds—and when it might be difficult, if not impossible, for the auditor to ascertain the amount due. It is evident the legislature did not intend to impose the duty on the auditor in such cases.

Defendant urges that, plaintiff's disability still continuing, and the two years mentioned in section 90 having expired, she is not entitled to redeem at this time; his argument being that the right of redemption under section 91 can be exercised only after the disability of the party shall cease, and that it is suspended, after the two years mentioned in section 90, during the period of disability. This construction would lead to so extraordinary consequences that it is impossible the legislature should have intended it. The evident intention was that the right should not be barred by mere lapse of time, where, during such time, the person might, from the existence of the disabilities mentioned, be unable to protect his interests by redeeming. The right to redeem, therefore, continues, in the cases mentioned in section 91, until two years after the removal of the disability, but is not suspended during the disability.

In this case, the plaintiff was the owner of only an undivided one-seventh of the land. She claimed the right to redeem the entire estate; but the court below decided that she could redeem only the interest that she owned. In this the court was right. Under section 90, within two years after sale, any piece or parcel of land sold may be redeemed by any one having an interest therein, however small the interest. Under section 92 any person who has or claims an in-

terest in, or lien on, an undivided estate in the land sold, may redeem such undivided estate. It is manifestly the intention of section 91 to avoid sacrificing the interests and rights of those who are supposed to be incapable of protecting them by redemption during two years from the sale, and to do this by saving to them a right of redemption until two years after the removal of the incapability. To save their interests it is necessary only that the right should be co-extensive with the interest to be preserved. For this reason we think the right to redeem saved by section 91 is the right mentioned by section 92, with the qualification that the party seeking to redeem shall actually have (not merely claim) the estate or lien by reason of which he claims to redeem.

The court below also decided that the purchaser—this defendant—having gone into possession and made improvements on the land, the action is one to which the provisions of Gen. St. 1878, *c.* 75, § 15, and the following sections, apply. The case certainly comes within the terms of those sections as an action to try the title to land. *Prima facie,* the certificate of sale passed to the purchaser, at the end of two years from the sale, the absolute title to the land sold. The claim of plaintiff is that the absolute title, as to an undivided one-seventh, did not pass—has not vested in defendant. The first question in the case is: what title did the purchaser get by the tax sale and lapse of the two years? What title had he when this action was commenced—an absolute or defeasible title? The trial of this question is merely a trial of title. As to the undivided one-seventh, the court below defeated defendant's claim to an absolute title. We think the sections of chapter 75, referred to, include such an action as this.

Order affirmed.