A. A. WILSON ET AL. *v.* C. R. SYKES.

TAX SALE.  *Redemption by infant.   Undivided interest.*

Under § 531, code 1880, which secures to infants whose lands may be sold for taxes the right to redeem the same within one year after attaining their majority, infants owning an undivided interest in lands so sold, cannot redeem the whole but only their undivided interest therein.

FROM the Chancery court of Monroe county.

HON. BAXTER MCFARLAND, Chancellor.

The land in controversy was sold in 1888 to pay the taxes due for the year 1887.   At the time of its forfeiture it was owned by the heirs of James T. Wilson, Sr., as tenants in common, all of said heirs being of age except the complainants, the children of James T. Wilson, Jr., grandchildren of said James T. Wilson, Sr.

The land was purchased at the tax sale by appellee, and the deed remained in the office of the chancery clerk for the time prescribed by law.   The general period for redemption having expired, the said minor heirs of James T. Wilson, Jr., filed this bill to redeem

from the appellee not only their undivided interest, but also the interest of their adult co-owners. The latter were not made parties.

The validity of the tax-title was conceded by the complainants, and the defendant admitted the right of complainants to redeem their undivided interest in the land and tendered with the answer a deed therefor, but contested their right to redeem the entire land. The decree of the chancellor limited the right of complainants to redeem to their undivided interest, and from this decree they appealed.

*Gilleylen & Leftwich,* for appellants.

The terms upon which § 531, code 1880, gives to minors the right to redeem are, the payment of the whole amount of the tax for which the land was sold, all costs and charges consequent upon the sale, damages upon the amount of taxes and costs, and five per cent. upon the whole amount of the redemption as compensation to the clerk. All of these terms are fully complied with by the tender with the bill. This entitles to a decree to redeem the whole of the land. By reference to § 536 of the code it will be seen that the right to redeem an undivided interest from the state is expressly given. This argues strongly that it was not intended to be given in other cases. The right being purely statutory, will be strictly construed. The question is not is an infant allowed to redeem his own interest, but may he, if he chooses, redeem the whole. It is settled that he may. Blackw. Tax Titles, §§ 191, 194. Taxes are assessed *in solido* and must be so collected. See *Plumb* v. *Robinson,* 13 Ohio St. 298.

*Sykes & Richardson,* for appellee.

The litle to the lands descended on the death of James T. Wilson, Sr., to his heirs, not as joint tenants but as tenants in common. Code 1880, § 1271. The assessment in the hands of the sheriff is in the nature of an execution and the sale conveys to the purchaser the interest of all the parties claiming title thereto. Code 1880, § 1769. The rights of the adults and of the minors to redeem were several, the former to redeem in one year, and the latter within a year after their majority. The appellee became a tenant in common with the minors just as though he had bought at exe-

cution sale.   The right of one may be barred and that of the others remain.   The statute of limitations will be applied in the same manner as if each had sued singly for his share.    *Root* v. *McFerrin,* 37 Miss. 17 ; *Jordan* v. *M'Kenzie,* 30 Ib. 32 ; *Corbin* v. *Cannon,* 31 Ib. 570 ; Angell on Lim. § 484 ; *Jackson* v. *Bradt,* 2 Caines, 169 ; *Carpenter* v. *Schermerhorn,* 2 Barb. Ch. 315 ; 2 Day (Conn.) 265 ; 8 Mich. 14 ; 50 Miss. 483.

This is not a case of an attempt to redeem before the year is out. In such case any one is entitled to "redeem for the owner."   The title of the purchaser is then only inchoate.   But after the expiration of the year from the sale, the purchaser becomes the owner of the interest of all persons in the land save the right of those under disability to redeem their right and interest.   Blackw. Tax Titles (4th ed.) 484, note ; 492, 618, 630 ; *Jacobs* v. *Porter,* 34 Iowa, 345 ; *Mullin* v. *Porter,* 35 Ib. 166.

COOPER, J., delivered the opinion of the court.

The court decreed to the complainants the right of redeeming from the tax sale their full interest in the lands, and this was all to which they were entitled.   The statute (code 531), after providing a right to the owner of lands sold for taxes to redeem within one year, saves " to infants and persons of unsound mind, whose lands may be sold for taxes, the right to redeem the same within one year after attaining full age or sanity."

The saving is to the infant to redeem *his* lands, and not the lands of another.   It has reference to the estate or right of the infant which it preserves from final loss by tax sales during his minority. But neither the letter nor purpose of the law extends the right secured to the infant to the protection of an adult co-tenant of the lands sold.   The complainants have no just grounds of complaining of the decree.   It has given them a right to redeem their interest in the lands.   The adult co-tenants cannot assign error of the decree, for they were not parties to the suit, and if they had been, their right of redemption has long since expired.

The subject under discussion was fully examined by the supreme court of Iowa in the construction of a statute of that state similar

in its effect to ours. The court reviewed the authorities relied on by Mr. Blackwell for the proposition that infants having an undivided interest in a common estate *must* redeem the whole, and therefore *may* redeem the whole, and showed that they did not support the rule announced. *Jacobs* v. *Porter*, 34 Iowa, 341.

*The decree is affirmed.*