## GAMBLE v. PHILLIPS.

### Opinion delivered April 14, 1913.

1. TAXATION—TAX SALE—REDEMPTION.—The right of redemption from tax sale does not exist except as permitted by statute. (Page 562.)

2. HOMESTEAD—REDEMPTION BY MINOR FROM TAX SALE.—The homestead estate is a sufficient interest to enable a minor to redeem the entire estate from a tax sale. (Page 563.)

3. TAXATION—TAX SALE—REDEMPTION—MINOR.—Kirby's Digest, § 7095, gives minors two years after reaching majority to redeem their lands sold during their minority for taxes, by Kirby's Digest, § 3756, the plaintiff, a female, became of full age when she was eighteen years old. *Held*, a bill brought by plaintiff more than two years after reaching her majority is barred, and Kirby's Digest, § 5075, which provides that when any person entitled to bring an action is at the time of its accrual under twenty-one years of age, he may bring such bill within three years thereafter, is not applicable. (Page 563.)

Appeal from St. Francis Chancery Court; *Edward. D. Robertson*, Chancellor; reversed.

*S. H. Mann* and *J. W. Morrow,* for appellant.

1.   Plaintiff's right to redeem was barred.   Kirby's Digest, § 7095; 52 Ark. 532; 59 *Id.* 144.

2.   Kirby's Digest, § 5075, does not apply and does not extend her time to redeem.   63 Ark. 397; 80 *Id.* 411; 71 *Id.* 135; 84 *Id.* 329.

*W. W. Hughes* and *Wm. L. Moose,* for appellee.

1.   The period of redemption is extended by Kirby's Digest, § 5075; 53 Ark. 418; 71 *Id.* 135; 81 *Id.* 440; 95 *Id.* 76; 87 *Id.* 428.

HART, J.   This was a bill to redeem land sold for taxes filed by Salina Phillips against John W. Gamble. The complaint alleges that the plaintiff, Salina Phillips, was the daughter of C. C. Wyatt, who on January 4, 1894, died owning and occupying as his homestead a forty-acre tract of land situated in St. Francis County, Arkansas.   That the land was duly sold for the nonpayment of taxes on June 12, 1899, to A. B. Ferrell, and a tax deed was made to the purchaser on the 3d day of March, 1902.   That Ferrell conveyed the land so purchased by him to John T. Young and John T. Young conveyed the same to the defendant, John W. Gamble. The answer specifically denies that the plaintiff has any right to redeem and asks that the complaint be dismissed for want of equity.   There is no controversy about the facts, and the proof establishes that the land was the homestead of C. C. Wyatt at the time of his death in January, 1894, and that the plaintiff at the time of filing her complaint was twenty years and seven months old.

The chancellor entered a decree in favor of the plaintiff and the defendant has appealed.

The right of redemption from tax sales does not exist except as permitted by statute.   Therefore, in the case of *Smith* v. *Macon,* 20 Ark. 17, the court held that, under the revenue system of this State as it then existed, infants had no longer time than other persons to redeem their land sold for taxes.   By a section of the revenue act of 1873, which is section 7095 of Kirby's Digest, minors are given two years after reaching majority to

redeem their lands sold during their minority for taxes. And this right is a privilege to defeat the tax deed by its assertion at any time within two years after reaching majority. *Hodges* v. *Harkleroad,* 74 Ark. 343; *Smith* v. *Thornton,* 74 Ark. 572.

In the case of *Cowley* v. *Spradlin,* 77 Ark. 190, the court held that the homestead estate is a sufficient interest to enable a minor to redeem the entire estate from a tax sale and that a minor had only the privilege of redeeming "from and after the sale" until the expiration of two years after he had reached his majority. The plaintiff was a female and became of full age when she was eighteen years old. Section 3756, Kirby's Digest. As we have already seen, her right to redeem comes from the statute exclusively and can be asserted only in the manner there prescribed.

The undisputed facts show that the plaintiff did not attempt to exercise her right to redeem until more than two years after reaching her majority. And it follows that her bill to redeem was not filed in time.

Counsel for the plaintiff contend that her right to redeem was extended to three years by section 5075 of Kirby's Digest, which reads as follows:

"If any person entitled to bring any action, under any law of this State, be, at the time of the accrual of the cause of action, under twenty-one years of age, or insane or imprisoned beyond the limits of the State, such person shall be at liberty to bring such action within three years next after full age, or such disability may be removed."

We do not think that this section of the statute has any application whatever to plaintiff's right of redemption from the tax sale. The reasoning of the court in the case of *Sparks* v. *Farris,* 71 Ark. 117, leads to the conclusion that in suits to redeem from tax sales, the statutes, having relevance to the right or privilege of redemption alone, are applicable.

As we have already seen, section 7095 of Kirby's Digest is a part of the revenue system of the State and

was passed by the Legislature in the exercise of its power to levy and collect taxes. The section, by prescribing the terms on which and the time during which minors might redeem their lands when sold for taxes, necessarily excludes any terms or period of time not therein contained. The right to redeem is wholly statutory and we can not read into the statute any other statutes which are not a part of the revenue system, and which we can not find that the Legislature intended to be a part of it.

It follows that the decree must be reversed and the cause remanded with directions to the chancellor to dismiss the complaint for want of equity.