## SMITH v. HUGHES.

No. 18977. Opinion Filed March 12, 1929.

Morse Garrett, for plaintiff in error.

Hughes & Ellinghausen, for defendant in error.

BENNETT, C. S. B. Smith and Stephen E. Smith, a minor, by S. B. Smith, his guardian, claiming to own in equal parts the lands hereinafter described, brought action in district court of Creek county to cancel a certain tax deed held by defendant covering about 15 acres of land, to quiet plaintiffs' title, and to enjoin defendants from making further claim thereto, and for accounting for rents and profits. It is al-

leged that the deed is void on its face for failure to set forth various steps taken in the proceedings to sell the lands for delinquent taxes. A tender to, and refusal by, defendant of the amount necessary to redeem said property is alleged, and also that Stephen E. Smith is a minor aged 16 years, and has the legal right to redeem said property at any time during minority upon payment of taxes, plus ten per cent.

The parties appear here as plaintiffs and defendant in the order in which they appeared in trial court, and will be so referred to.

Defendant Hughes filed a general demurrer to the petition, which was sustained, and plaintiffs, upon their request, were allowed ten days within which to file amended petition. Such amended petition was filed, and while the same purports to set out three separate causes of action, it substantially reiterates the same facts appearing in the original petition. Defendant filed a motion to strike the amended petition on the ground that same was, in substance, identical with the original petition to which the court had theretofore sustained a demurrer. April 4, 1927, the court sustained defendant's said motion as to plaintiff S. B. Smith, but overruled same as to plaintiff Stephen E. Smith, minor, to which action S. B. Smith excepted, and, upon request of defendant, he was allowed 15 days within which to file answer as to plaintiff Stephen E. Smith, a minor. Within the time allowed defendant filed his answer to the amended petition of plaintiff Stephen E. Smith. This answer tenders to the minor a judgment in his favor canceling the tax deed as to his undivided half interest in said land, and quieting his title to such interest, conditioned upon the payment into court for defendant of $176.07, the amount of taxes and interest alleged by the amended petition to be the sum due to said defendant. Plaintiff replied to said answer reiterating his tender of $176.07, alleging the insufficiency of defendant's answer, with respect to the tender, with respect to the allegations as to accounting, and reasserting his demand that defendant release the **entire tract** from the operation of said tax deed.

On April 27, 1927, defendant filed his motion in the cause to dismiss the same as to plaintiff S. B. Smith upon the ground that theretofore the court had sustained a demurrer to the petition of plaintiff, and had later sustained the motion of defendant to strike the amended petition as to plaintiff S. B. Smith, and that no further pleading had been filed or sought to be filed, and upon other grounds.

On the 17th of May, 1927, the court sustained defendant's motion to dismiss, and dismissed said action with prejudice as to S. B. Smith, who, thereupon, in open court, excepted, and gave notice of his intention to appeal to the Supreme Court. This was the last appearance in the case by said S. B. Smith.

Thereafter there was a motion for judgment on the pleadings by the defendant and also a like motion by the plaintiff Stephen E. Smith, a minor, by S. B. Smith, his guardian. The foregoing constituted the entire pleadings in the case, and on the 6th day of June, 1927, the respective motions for judgment on the pleadings came on for hearing, when the defendant, in open court, by permission thereof, amended his tender and agreed to accept $88.03, one-half the amount tendered by said minor, and agreed that judgment might be entered canceling said tax deed as to the undivided one-half interest in the lands covered thereby claimed by said minor, and it was by the court so adjudged, the judgment, however, to become effective only when the minor should pay to the defendant or into court for his use $88.-03. From this judgment plaintiff Stephen E. Smith, minor, by his guardiaan, S. B. Smith, appeals to this court for review.

It will be observed that this appeal was filed December 2, 1927, and more than six months after the order dismissing the case with prejudice as to the adult plaintiff S. B. Smith, and from which he gave notice of appeal, but it appears both from the record and from the brief of plaintiff that S. B. Smith is not a party to this appeal. This dismissal was a final order and appealable. Avery v. Jayhawk Gasoline Co., 101 Okla. 286, 225 Pac. 544. Parties who fail to appeal are deemed to acquiesce in the judgment below, and they cannot be heard on appeal by others. Conaway v. Thomas, 101 Okla. 227, 224 Pac. 965; Central Trust Co. v. Minnetonka Lumber Co., 109 Okla. 51, 229 Pac. 823.

Several assignments are argued by the plaintiff in error.

1. It is argued that the court committed error in sustaining the demurrer of defendant to the original petition. This contention would seem to be without merit, for the plaintiffs did not stand upon said petition, but asked leave and were accorded the right of which they availed themselves to file an amended petition. Dixon et al. v. National

Bank of Commerce, 98 Okla. 181, 224 Pac. 307; Bank of Buchanan County v. Priestly, 87 Okla. 62, 209 Pac. 412; Cates v. Miles et al., 67 Okla. 192, 169 Pac. 888.

2. It is next contended under assignment No. 2 that the court committed error in sustaining the motion to strike the amended petition. In this behalf it must be noted that this motion was sustained only as to S. B. Smith, the adult plaintiff, who is not appealing here, and who, therefore, can get no advantage from the ruling of the court, even if we assume that it was erroneous. Curtin v. Moroney et al., 117 Okla. 276, 246 Pac. 232; Stekoll v. Abraham, 90 Okla. 218, 217 Pac. 410. As to the minor plaintiff, this motion was overruled, and in deference to which the defendant filed answer and in response to which answer the minor filed reply, so that the issues as finally made up were between the infant plaintiff and the defendant, the adult plaintiff having disappeared from the record by failing to file any pleading after demurrer sustained as to his petition and not having appealed from defendant's successful motion to dismiss. We therefore hold that there is no merit in the second assignment.

Plaintiff's assignments of error numbered 3 to 9, inclusive, are argued together under the contention that the infant had the right to redeem the entire tract and cancel the tax deed in its entirety, and that the court erred in restricting such redemption and cancellation to the interest of plaintiff. Was such ruling of the court error? The answer of this question depends upon the interpretation of section 9747, C. O. S. 1921, the pertinent parts of which read as follows:

"The owner of any land sold for taxes, or any person having legal or equitable interest therein, may redeem the same at any time within two years after the day of such sale, or at any time before the execution of a deed of conveyance therefor by the county treasurer, by paying the treasurer for the use of the purchaser, his heirs or assigns, the sum mentioned in this certificate, and interest thereon at the rate of 18 per cent. (18%) per annum from the date of purchase, together with all other taxes subsequently paid, whether for any year or years previous or subsequent to said sale and interest thereon at the same rate from date of such payment; * * * Provided, that infants, idiots, and insane persons may redeem any land belonging to them sold for taxes within one year after the expiration of such disability; * * * and provided, further, that only ten per cent. interest shall be charged at the redemption of land sold on the part of infants, idiots or insane persons."

The applicable part of this statute could have contemplated nothing save the protection of minors in preventing the sale of their lands for taxes. It is claimed by plaintiff that he had the right to redeem the entire land, even though the adult owner of the other one-half interest therein was, by judgment, barred from asserting any title thereto. If this doctrine should be established, it would permit an adult plaintiff to litigate to final judgment (as he did here) his right to redeem his land, and, if he failed, the judgment would be either a nullity as against him if an infant owned as tenant in common a fractional interest, however small, therein, or the infant would be given an advantage that could not have been dreamed of by those who passed the law simply for his protection. To permit a minor by reason of ownership of a fractional interest in real estate to redeem the whole estate at any time during, or within the statutory time after, his minority, would tie up indefinitely a great portion of the lands in this state, for an owner of land in straits would solve his difficulty by conveying a small fractional interest therein to his young minor child, knowing that if the child were only one or two years old, his land could not be permanently lost to the owner by failure to pay the taxes for 18 or 20 years. That could not have been in the contemplation of the lawmaking body.

In the case of Jacobs et al. v. Porter et al., 34 Iowa, 341, the syllabus reads as follows:

"The right of a minor to redeem, after attaining his majority, land sold at tax sale during his minority, is limited to his own interest therein, and does not extend to that of other owners or tenants in common holding interests with him."

The court said in the opinion:

"This record presents, and the counsel have argued, only a single question, and that is: Whether one of several owners—tenants in common—of real property, may, by reason of his previous minority, redeem the whole, of such real property, after the expiration of the time for redemption allowed to his adult co-owners; or whether the right of such minor to redeem is limited to his own interest."

The trial court held that the right was limited to the interest of the minor. The court says:

"They have obtained the full extent of their right; they only pay the amount necessary to redeem their respective seventh parts, and they get their title perfected to just as full an extent as they would if al-

lowed to redeem all. For by redemption they cannot increase their interest in the property redeemed. Penn v. Clemens, 19 Iowa, 373, and cases cited. Why should the adults appeal? They have no right to redeem after the expiration of three years; they have not offered to redeem, nor do they claim that they have any right to redeem. Their claim is only that the minors be allowed to redeem the whole. But it is settled that, if 'the person who pays his money for redemption had no interest whatever to be protected by the redemption, his act of redemption can neither vest title in him nor divest that of the tax purchaser. Blackwell on Tax Titles, 496 (1st Ed.). Nor can such act of redemption inure to the benefit of the owner who had a right to redeem.' Penn v. Clemens, supra. This being the law, it is difficult to see how a redemption by the minors, who have no interest beyond their undivided seventh parts, can in any way benefit the adults."

There is a very clear discussion of this matter by the court and many cases are cited, including Curl v. Watson, 25 Iowa, 35; Rice v. Nelson, 27 Iowa, 148 (i. e. 152); Burton v. Hintrager, 18 Iowa, 348; Adams v. Beall et ux., 19 Iowa, 61; Myers v. Copeland, 20 Iowa, 22; Dubois v. Hepburn, 10 Pet. 1; Shearer v. Woodburn, 10 Pa. St. 511; Masterson v. Beasley, 3 Ohio, 301; Winchester v. Cain, 1 Rob. (La.) 421; McCormack v. Russell, 25 Pa. 185; Downing v. Shoenberger, 9 Watts (Pa.) 298, and People ex rel. v. Treasurer, 8 Mich. 14.

But the court says:

"These are all the cases bearing on the point cited by Blackwell, on the pages referred to, and none of them, nor any cases we have been able to find, tend in the least to impair the correctness of the ruling of the court below, in this case."

And finally concluding, the court says:

"We thus find that principle, statute and decisions concur in giving to the infant the right to redeem his own interest, without burdening him with the obligation to redeem for others, and that other part owners have no right to redeem their interests, simply because their co-owners are infants."

This holding was followed in Stout v. Merrill, 35 Iowa, 47. The court in the opinion says:

"Can all the land be redeemed under him, or only the undivided one-half, being the extent to which he claimed an interest? As we have seen, the right of redemption is in the nature of an equity in the land. It is, evidently limited in extent to the land to which it attaches by the title of the minor before it was divested by the tax sales. At that time he owned an undivided one-half of the land. He has a right to redeem just what he owned before the sales, and no more. The case is not different from one where two own distinct portions of lots in severalty, and all are sold at one tax sale, under one assessment. In such a case it cannot be claimed that redemption, made by the owner of one, would extend to both parts of the property. In this case it is our opinion that plaintiff may redeem the undivided one-half of the lot under his purchase from Farley, and no more. He will hold it as a tenant in common with the owner of the other interest."

In Miller et al v. Porter et al., 35 Iowa, 166, the syllabus is taken from the case of Jacobs v. Porter, and the case is affirmed upon the doctrine of said case.

In the case of A. A. Wilson et al. v. C. R. Sykes, 67 Miss. 617, the syllabus is as follows:

"Under sec. 531, Code 1880, which secures to infants whose lands may be sold for taxes the right to redeem the same within one year after attaining their majority, infants owning an undivided interest in lands so sold, cannot redeem the whole, but only their undivided interest therein."

The court says in the opinion:

"The saving is to the infant to redeem his lands, and not the lands of another. It has reference to the estate or right of the infant which it preserves from final loss by tax sales during his minority. But neither the letter nor purpose of the law extends the right secured to the infant to the protection of an adult cotenant of the lands sold. The complainants have no just grounds for complaining of the decree. It has given them a right to redeem their interest in the lands. The adult cotenants cannot assign error of the decree, for they were not parties to the suit, and if they had been their right of redemption has long since expired."

The same holding may be found in Sidle v. Walters, 5 Watts (Pa.) 389, where the land was sought to be redeemed, and the court says:

"It may be necessary to remark, as the point was made, that the payment inures only to the benefit of those who were minors, and not the other heirs of Tracy."

A similar holding is made in McGee v. Bailey et al., 86 Iowa, 513.

The text in 37 Cyc. 1391-2, is as follows:

"As a general rule, the right of a minor to redeem after reaching full age is limited to his own interest in the premises and does not extend to that of other owners or tenants in common with him." (Citing the last four Iowa cases, the Mississippi case, and

also Goodrich v. Florer, 27 Minn. 97, 6 N. W. 452.)

The Iowa and Mississippi statutes seem to be substantially similar to that of Oklahoma.

The holding herein announced is recognized as the better doctrine in the note Ann. Cas. 1914-C, 423. Some cases are therein cited to the contrary, but most, if not all, of these deal with homestead, or the rights of a mortgagee. Such rights, it seems to us, are clearly distinguishable, for a minor, during his minority, is entitled to enjoy the whole homestead estate, and as mortgagee his protection may require the exhaustion of the entire estate, whereas the owner of simply an undivided one-half interest is entitled to no benefit or interest in the other one-half. It is said in 26 R. C. L. pp. 401-2-3, par. 360:

"It is held in most jurisdictions that the title conveyed by a sale for nonpayment of taxes is not merely the title of the person who had been assessed for the taxes and had neglected to pay them, but a new and paramount title to the land in fee simple absolute created by an independent grant from the sovereign and free from all equities and incumbrances existing prior to the sale upon the title of the previous owner. (Citing many cases under note.) Under this view the sale extinguishes all prior incumbrances on the land or interests in it, though held by persons who were not liable for the tax or in default for not paying it, such as the lien of pre-existing mortgages and judgments, landlords, liens, and inchoate rights of dower."

From these authorities we hold that this statute was intended for the protection of infants against the loss of their lands by tax sale during minority, but that it was not intended to give, nor should it be construed to give, any protection or advantage to adults who have, by their own negligence or indifference, refused to pay their taxes and have thus permitted their lands to pass from them through their own default.

In this case the minor plaintiff, by the judgment rendered, secured the exact interest in the land which he had prior to the sale and unincumbered with any tax, and we think that was all he was entitled to receive. Our attention is directed to four cases, the first of which is Blaine County Bank et al. v. Noble et al., 55 Okla. 361, 155 Pac. 532. That case involved the rights of a minor mortgagee, and, as indicated above, the entire estate in the land was pledged for the security, and right to pay the tax thereon was necessary to prevent the loss of the entire estate by a sale for delinquent taxes. The second case is Denney v. Akers, 117 Okla. 274, 247 Pac. 34. This case simply held that where a minor Chickasaw freedman allottee, whose land had been sold for taxes, conveys his land to another immediately upon reaching his majority, his grantee is authorized to exercise the right of redemption within the time and within the manner fixed by the statute by which the allottee himself might redeem the land from tax sale. The court said:

"Almost at once after he reached his majority he sold the land and conveyed the title by warranty deed, and, his warranty being general in its character, was a warranty against the claim of the defendant under the tax deed. His grantee offered to reimburse the defendant for his outlay in acquiring the tax deed, and offered to redeem the land from the tax sale at the treasurer's office. This was presumably done for and on behalf of the allottee to protect his warranty; and the effect would be the same even though the allottee himself, in person, did not make the offer to redeem. The offer to redeem was made within a short time after the allottee became of age. * * * In Seattle Land & Development Co. v. Blum, 71 Wash. 530, 128 Pac. 1066, under a statute similar to our own, the Washington court held that the vendee of the owner might exercise the right to redeem."

It was the duty of the guarantor to protect his own guaranty, and it was the duty of the landowner also to protect his title.

We are referred to Sires v. Parriott et al., 106 Okla. 244, 233 Pac. 748. In this case it is held that in an action to set aside a tax deed, the plaintiff may recover without having all the title, either legal or equitable, or without having a title paramount to all others. It is only necessary to have some kind of an estate in the property in controversy, either legal or equitable, and that this interest shall be paramount to any right to the same possessed by the defendant. It might be pertinent here to inquire how the minor plaintiff secured any right in the real estate sold for taxes paramount to the right of the other tenant in common, or paramount to the defendant who acquired the interest of his cotenant under a sale for taxes? We can conceive of no legal principle under which the loss of title by the adult plaintiff could have enlarged or improved the estate of the minor plaintiff. It seems to us that the statutory protection should be only coextensive with the right requiring protection.

The last case to which we are referred is Scales, Adm'r, et al. v. Locke, 96 Okla. 226,

221 Pac. 737. In this case a tenant of real estate redeemed the land which had been sold for taxes before the execution of the tax deed, and the court upheld the redemption on two grounds: First, this was a redemption by a tenant who had entered under a rental contract and had been occupying the premises for 11 or 12 years, and the court, quoting from the case of Byington v. Rider, 9 Iowa, 566, says:

"We cannot understand the right of redemption given under the Code, section 505, as being confined to the owner in fee simple of the property sold. A lessee is in a substantial sense an owner of the property, whether he be a lessee for life, or years, or at will. A redemption by him may be essential to the protection of a substantial right. Nor do we consider it any valid objection to his claim to redeem that he has acquired his interest since the sale for taxes; nor that he redeems without the knowledge of the fee-simple owner."

Quoting, too, from 37 Cyc. 1383, as follows:

"As a general rule any person may redeem land from a tax sale who has an interest in the property which would be affected by the maturity of the tax title in the purchaser. This includes a lessee of the premises. * * *"

The second reason given by the court was that the records of the treasurer showed affirmatively, at the time of the execution of the tax deed, that the land had been redeemed. The interest of this tenant covered the entire property, and it is certain that a sale for taxes would have been an end to his tenancy.

"Tenants in common have several and distinct titles and estates, independent of each o'her. so as to render the freehold several also. They are separately seized, and there is no privity of estate between them. A tenant in common is, as to his individual share, to be deemed the owner of an entire and separate estate. * * *" 7 R. C. L. p. 181—citing Madison v. Larmon, 170 Ill. 65, 48 N. E. 556; People v. Treasurer of Detroit, 8 Mich. 14, 77 Am. Dec. 433.

Of course, one tenant may defend for all cotenants an action involving the property. It must be borne in mind that the adult plaintiff and the minor plaintiff were seeking to quiet the title to their interests in this land and to remove the tax deed as a cloud on their title. The adult plaintiff lost by final judgment from which he does not appeal, and the minor plantiff won a judgment from which he does appeal, and his only contention now is that he should have been permitted to set aside the tax deed as it affected the interest of his former coplaintiff.

There are numerous holdings of this court that it is only the party aggrieved who has a right of appeal. Cargile v. Union State Bank et al., 40 Okla. 506, 139 Pac. 701; Moon v. Moon, 27 Okla. 245, 117 Pac. 200; Baker v. Vadder, 83 Okla. 140, 200 Pac. 994.

Where the plaintiff obtained the precise relief sought by him in the trial court, he is estopped from prosecuting an appeal from the decision awarding it; but where the judgment, although in his favor, does not afford him the relief claimed, or where he may sustain injury thereby, he may seek its reversal. **Parties who fail to appeal are deemed to acquiesce in the judgment below. They cannot be heard on appeal by others** to complain of errors below, and can demand no relief from the appellate tribunal. The tender of judgment setting aside the tax deed as to the one-half interest claimed by plaintiff, we think, makes it unnecessary for us to pass on the question as to whether such tax deed is valid, void or voidable only, for there is no one on this appeal to question it.

Motions for judgment on the pleadings are considered as equivalent to demurrers, but the same are not favored as they often result in fragmentary appeals. The answer of defendant sets up his plea of tender only, and makes no denial of the allegations that he has collected rentals from said property belonging to plaintiff and for which he has wrongfully refused to account. This, by defendant's incomplete answer and motion for judgment on the pleadings, stands admitted, and it would not be proper for us to sustain such motion in the face of such admission.

"It is reversible error for the court to sustain motion for judgment on the pleadings when an issue of fact is joined by the pleadings, upon which a valid judgment might be based." Childers v. New York Life Ins. Co., 117 Okla. 7, 245 Pac. 59.

Plaintiff's pleadings with respect to the tender, the date thereof, and with reference to the facts as to the items which he seeks to recover, are somewhat vague. He does not set out the amount of rents retained by defendant. the time at which they were collected, whether before or after tender. We think, however, that sufficient appears therein to indicate plaintiff's right of recovery as against this motion. The time from which such rents may be recovered is not properly presented to us in plaintiff's brief, nor does he cite any authority which is controlling on the point. The difficulty is not solved by defendant's brief. We think it sufficient to pass upon the sole question presented to us

as to whether or not the petition is good against defendant's motion, and we hold that it is.

For the reasons indicated, we hold that the judgment of the trial court is correct, and should be affirmed in all respects, save so much thereof as involves an accounting between the parties. The cause is remanded to the trial court for the entry of judgment and for such proper proceedings in the matter of accounting as may be necessary in conformity with this opinion.

HERR, DIFFENDAFFER, REID, JEFFREY, LEACH, and TEEHEE, Commissioners, concur.

By the Court: It is so ordered.

Note.—See "Appeal and Error," 4 C. J. §2598, p. 694, n. 98; "Taxation," 37 Cyc. p. 1387, n. 21; p. 1520, n. 80.