HARRIS *v.* HARRIS.

4-4865

Opinion delivered December 13, 1937.

*Mahony & Yocum,* for appellants.

*Marsh & Marsh,* for appellees.

SMITH, J. This suit involves the tax sale of a tract of land in Union county which was sold to the state in 1933 for the nonpayment of the taxes due thereon for the year 1932. The land was the homestead of W. T. Harris at the time of his death in 1900, and has since been occupied by J. P. Harris, one of his sons, under an agreement with the other heirs to the effect that he would pay the taxes out of the rents and proceeds of the land. J. P. Harris failed to pay the 1932 taxes, and the land was sold and certified to the state for the nonpayment thereof. C. A. Kinard purchased the land from the state on February 28, 1936, and on November 12, 1936, Kinard sold and conveyed the land to O. G. Murphy. It appears that J. P. Harris induced Murphy to purchase the land from Kinard under an agreement permitting J. P. Harris to repurchase, with the reser-

vation to Murphy of an undivided fourth interest in the mineral rights.

All the other heirs of W. T. Harris, including his children and grandchildren, joined in this suit against the son, J. P. Harris, and Murphy to cancel the tax sale, which was alleged to have been void for several reasons stated. The suit was filed March 31, 1937. All of the plaintiffs were adults, but one of them, W. T. Harris, had attained his majority July 24, 1935, so that, so far as he was concerned, the suit had been brought within two years from the time that he had come of full age. W. T. Harris was the grandson of W. T. Harris, Sr., his father being Benford R. Harris, a son of W. T. Harris. Benford died in 1921, and was, himself, survived by a number of children, and W. T. Harris inherited a 1/28th interest in the land.

The court found and decreed that the tax sale was void, and that J. P. Harris and O. G. Murphy had cut and sold timber of the value of $39.95, which was allowed as a credit upon the sum necessary to redeem. Neither party questions the finding and decree as to the item of $39.95.

W. T. Harris claimed the right, by virtue of his minority, to redeem, not only his 1/28th interest, but the entire interest. The court held, however, that he could redeem only the interest which he had inherited.

J. P. Harris and O. G. Murphy have appealed from the decree holding the tax sale invalid, but, anticipating that the sale might be held good on the appeal to this court, W. T. Harris has appealed from that part of the decree holding that his right of redemption was limited to his 1/28th interest.

We do not consider or decide the question of the validity of the tax sale, as, in our opinion, W. T. Harris has the right to redeem, not only his 1/28th interest, but the remaining 27/28th interest as well. This redemption will not, of course, vest title in him to this 27/28th interest, but, nevertheless, his prayer to be allowed to redeem the entire interest should have been granted. This view of the matter renders a decision of

the validity of the tax sale unnecessary, as the right of redemption, where it exists at all, is available in all cases, not only where the tax sale was defective, but also where it was regular and valid. *George* v. *Hefley,* 182 Ark. 678, 32 S. W. 2d 445.

The minor's right to redeem is not an estate, but is only a statutory privilege to defeat the tax title within a limited time, *Bender* v. *Bean,* 52 Ark. 132, 12 S. W. 180, 241, and the right of redemption from a tax sale does not exist except as permitted by statute. *Gamble* v. *Phillips,* 107 Ark. 561, 156 S. W. 177.

In the early history of this state infants had no longer time than other persons to redeem their lands sold for taxes, *Smith* v. *Macon,* 20 Ark. 17, but by § 13860, Pope's Digest, infants have been given the right of redemption within two years after the expiration of the disability of minority.

This section, as it appears in Pope's Digest, re-enacts § 10096 of Crawford & Moses' Digest, with an amendment adopted in 1923 which is not relevant to the question here under consideration. Section 10096, Crawford & Moses' Digest, reads as follows: "Section 10096. *Period for redemption.* All lands, town or city lots, or parts thereof, which may hereafter be sold for taxes at delinquent sale, under the laws of this state, may be redeemed at any time within two years from and after the sale thereof; and all lands, city or town lots belonging to insane persons, minors or persons in confinement, and which have been or may hereafter be sold for taxes, may be redeemed within two years from and after the expiration of such disability."

It is argued that this section does not expressly confer upon a minor the right to redeem any interest except his own. This is true, but, to properly construe this section, we must read it in connection with other statutes defining the manner in which one may effect a redemption, bearing in mind that the right to redeem is a mere privilege, which must be exercised in the time and manner provided by law. *Nelson* v. *Pierce,* 119 Ark. 291, 177 S. W. 899.

This suit, so far as W. T. Harris is concerned, is, in effect, a suit to redeem land sold to the state. The parties resisting that right have the title, which was acquired by purchase from the state. Section 13868, Pope's Digest, outlines the method of "Redemption of land sold to state," and provides that such lands "may be redeemed . . . subject to the same restrictions, conditions and regulations as hereinbefore described in relation to the redemption of lands sold for taxes, by the application to the clerk of the county court, . . ." It is obvious that this section can only be construed by reading another, and that other is § 13864, Pope's Digest. It reads as follows: "Section 13864. *Mode of redemption.* Any owner, or his agent, or any other person for the owner desiring to redeem any land, town or city lot or part thereof sold for taxes, under or by virtue of any law of this state, may, within the time limited by law for such redemption, deposit with the county treasurer, upon the certificate of the clerk of the county court describing such land, town or city lot, an amount of money equal to the taxes for which such land, or town or city lot was sold, together with penalty and cost and the taxes subsequently paid thereon by such person, or those claiming under him, with interest at the rate of ten per centum per annum on the whole amount so paid, and the county treasurer shall, upon the payment of said sum, within ten days thereafter notify the purchaser that said sum is in the treasury and subject to his order." This section, as it now reads, was amended in 1893, which is long subsequent to the opinion in the case of *Bender* v. *Bean, supra.*

This section plainly requires one seeking to redeem to pay "an amount of money equal to the taxes for which such land, or town or city lot was sold, together with penalty and cost," with the taxes added which the purchaser had subsequently paid, with interest on the whole amount. It does not appear that the landowner is authorized to redeem an undivided part by paying a proportionate part. He does not acquire title to all by redeeming the whole, of which he owns only a part.

When he has redeemed he has his remedy against his cotenants, which we need not here discuss, but he has only complied with the mandatory provision of the stat- ute, which prescribes the conditions under which the right to redeem may be exercised. It is certainly competent for the General Assembly to impose such conditions upon the exercise of this right as it deems proper. This, as has been said, is, in effect, a redemption from the state, and that right has not been enlarged nor has it been diminished by the fact that the state has sold and conveyed the interest acquired by it at the tax sale. The minor could redeem even though the state had not sold, and our statute does not appear to contemplate the somewhat anomalous situation of one redeeming an undivided interest in a tract of land in which the state owned the remaining undivided interest. Had the state not sold the land, and had W. T. Harris redeemed only a 1/28th interest he would have title to a 1/28th interest in a tract of land to which the state had title to the remaining 27/28th interest and he could not have sued the state for partition. The complexity of this situation is exemplified by the opinion in the case of *Goodrich v. Darr,* 161 Ark. 514, 256 S. W. 868. There an undivided and unassigned 29/44th interest in a tract of land was assessed and sold under that description. The tax deed made pursuant to this sale was held invalid, although there was no other error in the tax sale. A headnote to that case reads as follows: "A tax deed is insufficient which describes the land sold as 29/44th of a certain quarter section, such description not being sufficient to locate the part sold with reference to the remaining portions of the tract."

At § 1705 of the chapter on Taxation, 61 C. J., p. 1252, appears the statement that "To claim the right of redemption after attaining his majority the minor must have been the owner of the property at the time of the sale; and, as a general rule, his right to redeem after reaching full age is limited to his own interest in the premises and does not extend to that of other owners or tenants in common with him." To sustain what is

thus stated to be the general rule certain cases from the Supreme Court of Iowa are cited, together with a case from the Supreme Court of Mississippi, and another by the Supreme Court of Minnesota.

In the Minnesota case, *Goodrich* v. *Florer*, 27 Minn. 97, 6 N. W. 452, it is said: "Under § 90 (of the General Statutes of that state) any person who has or claims an interest in or lien on an undivided estate in the land sold, may redeem such undivided estate." It is not so provided in our statute, above quoted.

In the Mississippi case, *Wilson* v. *Sykes*, 67 Miss. 617, 7 Sou. 492, it was held that, where adults and infants are cotenants of land sold for taxes, and the limitation has expired as to the adults, the infants can only redeem their interests, and not the whole thereof. In so holding the Supreme Court of Mississippi cited and relied upon the case of *Jacobs* v. *Porter*, 34 Iowa 341, in which last-mentioned case the Supreme Court of Iowa disapproved a contrary statement of the law found in Blackwell on Tax Titles, where it was said: "Any cotenant may redeem, but he will have to pay the whole taxes, for the purchaser may refuse to receive a part." Volume 2, Blackwell on Tax Titles (5th Ed.), § 704. In the discussion of the right of redemption in Blackwell on Tax Titles it was there said: "In Arkansas it is said: 'Almost any right, either at law or in equity, perfect or inchoate, in possession or in action, or whether in the nature of a charge or incumbrance, amounts to such an ownership as will entitle the party holding it to redeem'." The Arkansas case just quoted from is that of *Woodward* v. *Campbell*, 39 Ark. 580, which cited the Iowa case of *Rice* v. *Nelson*, 27 Iowa 148, which the author also cited. The Supreme Court of Iowa held, in the case of *Curl* v. *Watson*, 25 Iowa 35, 95 Am. Dec. 763, (to quote a headnote), that "Owner of any interest in real estate subject to redemption from tax sale may redeem the whole property, and the purchaser may require him to redeem the whole, if any." Blackwell on Tax Titles was there cited as authority for the statement quoted. That case was overruled by the

Supreme Court of Iowa in the case of *Jacobs* v. *Porter,* 34 Iowa 341, and it was this last cited case which was followed by the Supreme Court of Mississippi in the Mississippi case cited above.

In the last analysis, the value of these cases depends upon the language of the statutes which they have construed, for the reason that the entire matter—the right of redemption at all—depends upon and must be governed by the statutes which confer it. This evidently was the view of the author of Black on Tax Titles, who said, at § 370 of that work, that ''When land owned by tenants in common, or joint owners, is assessed and sold *in solido* for taxes, either tenant may redeem the tract; but in order to do so, he must tender the entire amount of redemption money necessary for the whole purchase, and not merely his proportionate share. This is the general rule and it would probably be followed in all jurisdictions, unless special statutory authority can be found for the separate redemption of the respective interests.''

In vol. 4 of Cooley on Taxation (4th Ed.), p. 3081, it is said: ''It is held that one interested in lands sold *in solido* may redeem for all, and probably he would be compelled to redeem for all unless the statute under which the sale was made provided otherwise; for the purchaser seems to be equitably entitled to have either all the land he bought, or all the purchase-money refunded.'' This, it appears to us, is the spirit and intention of our statute conferring the right of redemption and prescribing the manner of its exercise.

We conclude, therefore, that the proper construction of our redemption statute, not only permits but requires a cotenant who wishes to redeem any portion of a tract, where the taxes thereon have been assessed *in solido,* to redeem the entire tract.

The cause will, therefore, be remanded with directions to permit W. T. Harris to redeem the entire interest, and to decree accordingly.