SMITH *v.* PETTUS, CURATOR.

4-6977                                        169 S. W. 2d 586

Opinion delivered February 22, 1943.

*Elbert W. Price* and *Culbert L. Pearce,* for appellant.

*Gordon Armitage,* for appellee.

Robins, J. Appellee, as curator of the estates of Billie Jean Collins and Howard Glenn Collins, minors, by his suit in the lower court, sought to effect redemption of an eighty-acre tract and a forty-acre tract, in which his wards owned an undivided thirteen one hundred and twenty-sixth interest, the remaining shares being owned by certain adults. These lands, delinquent for taxes of 1932, were sold by the collector to the state, and in 1936 the title of the state thereto was confirmed by proceeding in chancery court. On the 19th day of June, 1941, appellant, Sullivan, purchased the eighty-acre tract from the state, and on the 15th day of October, 1941, appellant, Smith, purchased the forty-acre tract. The complaint in this case was filed on October 31, 1941. Appellants, in their answer, conceded the right of appellee to redeem the shares in the land owned by his wards, but denied his right to redeem the interests therein owned by the adults. The lower court decreed that appellee was · entitled to redeem the lands for the benefit of all who were owners as co-tenants at the time of the forfeiture, on paying into the registry of

the court, for the use and benefit of appellants, the sum of $112.22, which the court found to be the amount due for taxes, penalty, and interest.

It is first urged by appellants that redemption of this land by the curator of the minor appellees could not be effected without the adult co-owners being made parties to the suit. The allegations of appellee's complaint as to the ownership of the land, at the time of the forfeiture, are conceded by appellant to be correct, and, since all that appellants would in any event be entitled to under the decree, if these adult co-tenants had been made parties, would be the amount payable to them for taxes, penalty and interest, and this they have been awarded under the decree as rendered, appellants' rights were not prejudiced by the failure to make the adult owners of the land parties to the redemption proceeding. Furthermore, appellants did not, in the lower court, ask that these adults heirs be made parties and they are, therefore, not in a position to raise this question for the first time on appeal.

It is next contended by appellants that the lower court erred in permitting appellee to reedem that interest in the land owned by the adult tenants in common, because the land did not constitute a homestead, and they urge that only in case of the sale of a homestead for taxes may a minor tenant in common redeem the entire interest in the land. It has been uniformly held by this court that where land constituting a homestead was sold for taxes a minor co-tenant might redeem not only his interest but the entire interest in the land. *Seger* v. *Spurlock,* 59 Ark. 147, 26 S. W. 819; *Cowley* v. *Spradlin,* 77 Ark. 190, 91 S. W. 550; *Gamble* v. *Phillips,* 107 Ark. 561, 156 S. W. 177; but the question of the right of a minor co-owner to redeem the entire interest of lands not constituting a homestead was not definitely passed upon by this court until the decision in the case of *Harris* v. *Harris,* 195 Ark. 184, 112 S. W. 2d 40. In that case it appeared that a certain tract of land, owned by W. T. Harris, Sr., at the time of his death in 1900, forfeited and was sold to the state in 1933 for the taxes of 1932. In a suit brought in 1937 by the heirs of W. T.

Harris, Sr., in which W. T. Harris, a grandson of the original owner, claimed the right, by virtue of the fact that the suit was brought within two years after he had attained his majority, to redeem not only his one twenty-eighth interest in the land but the entire interest. The lower court held that W. T. Harris, who had no homestead interest, could redeem only his one twenty-eighth interest in the land. In that case this court, in its opinion, reviewed the history of the legislation granting the right of redemption from tax sales by minors, and the previous decisions of the court, as well as doctrines laid down in various textbooks, and the decisions of courts in other states, and announced the conclusion that the minor had the right to redeem not only for himself but for all the other heirs. After discussing the effect of the decisions of other courts, this court, in that case, said: "In the last analysis, the value of these cases depends upon the language of the statutes which they have construed, for the reason that the entire matter—the right of redemption at all—depends upon and must be governed by the statutes which confer it. This evidently was the view of the author of Black on Tax Titles, who said, at § 370 of that work, that 'When land owned by tenants in common, or joint owners, is assessed and sold *in solido* for taxes, either tenant may redeem the tract; but in order to do so, he must tender the entire amount of redemption money necessary for the whole purchase, and not merely his proportionate share. This is the general rule and it would probably be followed in all jurisdictions, unless special statutory authority can be found for the separate redemption of the respective interests.' In Vol. 4 of Cooley on Taxation (4th Ed.), p. 3081, it is said: 'It is held that one interested in lands sold *in solido* may redeem for all, and probably he would be compelled to redeem for all unless the statute under which the sale was made provided otherwise; for the purchaser seems to be equitably entitled to have either all the land he bought, or all the purchase-money refunded.' This, it appears to us, is the spirit and intention of our statute conferring the right of redemption and prescribing the manner of its exercise."

In the case of *Reynolds* v. *Plants,* 196 Ark. 116, 116 S. W. 2d 350, it was held that a minor co-tenant owning a one-fifth interest in land forfeited for taxes might redeem for all the owners of the land, and in the recent case of *Anderson* v. *Odom,* 198 Ark. 443, 128 S .W. 2d 993, it was held that a minor co-tenant might, in spite of the fact that the title of the state had been confirmed by suit in chancery court, redeem the entire interest in the tract of land from the purchasers from the state.

The rule laid down in these cases is clearly controlling in the case at bar, and we do not find that there is any conflict between that rule and the provisions of § 13867 of Pope's Digest, which permits a tenant in common to redeem his share of land forfeited for taxes where his co-tenants refuse or neglect to join him in redeeming same. The effect of this statute is simply to relieve the tenant in common of the necessity of redeeming for his co-tenants unless he desires so to do. In the absence of such a statute, as was pointed out by Mr. Cooley, in the above excerpt from his work on Taxation, it would appear that a co-tenant would be *compelled* to redeem for all, in order to effect a redemption of his share.

It is finally urged by appellants that the lower court erred in computing the amount required to be paid in order to effect a redemption in that interest was calculated on the taxes for 1932 and 1933 at the rate of ten per cent. and on subsequent tax payments at the rate of only six per cent. The decree simply fixes the amount which the appellee was required to pay in order to accomplish the redemption, and does not set forth the manner in which the court arrived at the figures stated in the decree.

While the decree recites that the testimony of certain witnesses was heard by the court, none of the evidence heard is brought into the record on this appeal. Under the rule long adhered to by this court, where it appears that, on appeal from chancery court, the lower court heard testimony not brought into the record, it must be conclusively presumed that the sum determined by the court as necessary to be paid in order to effect

the redemption was the correct amount. *Hershy* v. *Berman*, 45 Ark. 309; *Carpenter* v. *Ellenbrook*, 58 Ark. 134, 23 S. W. 792; *Dierks Lumber & Coal Co.* v. *Cunningham*, 81 Ark. 427, 99 S. W. 693; *Stuckey* v. *Lockard*, 87 Ark. 232, 112 S. W. 747; *Barringer* v. *Bratcher*, 90 Ark. 214, 118 S. W. 1015.

No prejudicial error appearing, the decree of the lower court is affirmed.

CARTER, J., (dissenting). I think the rule applied in *Parker* v. *Dendy*, 203 Ark. 188, 157 S. W. 2d 48, should be applied here. There it was held that the right of an infant to redeem from a mortgage foreclosure sale does not inure to the benefit of adult co-tenants who were properly before the court, and whose rights were barred by the foreclosure sale, and that if the mortgagee offers to permit an infant to redeem his interest by paying his pro rata part of the obligation, the court should not set aside the decrees for sale and confirmation. Here the only complaint of the tax title holders is that the redemption should be confined to the interest of the minors so they must be held to consent to such redemption upon the payment of the pro rata part of the money due.

Here there was a tax sale and deed to the state and a confirmation thereof which barred the rights of the adults. The state sold to the appellants. There is no reason why the rule as to redemption from mortgages should not be applied here. Whether it should be applied where the tax title is still in the state need not be decided until such a case arises. Certainly the objection that the state cannot, or ought not, be made a co-tenant does not apply where the state has no interest.

The decision in this case again ruins any chance that tax titles can be made merchantable. Many cases in the reports reflect what title attorneys know from experience—that it is frequently impossible to learn of the existence of all the heirs. When it is possible to be sure that all the title except a small fraction has been obtained, purchasers and users of lands can afford to develop same and be reasonably certain they are not taking too

great a risk. Under the rule adopted here, no one can afford to develop and place in use any tax title land within any reasonable time after purchasing same.

The decree in this case is further erroneous in this: The other co-tenants are not parties. The decree directs "that each of said co-tenants shall contribute his or her proportionate part of the cost of redemption." This is void as to persons not parties to the suit. I know of no authority for any court to authorize the use of a minor's funds to redeem land for co-tenants and to take a chance, no matter on what security, of getting the money back. Where the co-tenants are not parties and have not placed in the hands of the court their share of the money, the redemption should be confined to the interest of the minors.